## CHARLES EMERSON vs. PEARSON COGGSWELL & al.

If a contract be not under seal, the authority of one person to contract for others may be proved by their subsequent recognition.

Where one party contracts with the other to fix on a proper location and to build a mill, the acceptance of the mill, after it is finished, is a waiver of any objection to the location, or to the time, or to the manner of building.

If a Judge do not himself decide a question of law, but leave it to the decision of the jury, and the verdict is right, it will not for that cause be set aside.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

The action was assumpsit on a written contract to build a mill, purporting to be signed by the plaintiff on the one part, and by *Coggswell* for himself, and for *L. Holmes & Co.* on the other part. The other defendants, *Holmes & Hogins*, denied the authority of *Coggswell* to bind them in the contract. The whole evidence given at the trial appeared in the exceptions, and will be sufficiently understood from the opinion of the Court. The report states, that the Judge instructed the jury, that the letters of *Holmes & Hogins*, were full and perfect evidence to charge them as parties to the contract; that they would judge whether the letters from *Holmes & Hogins*, taken in connexion with *Hogins'* proposition for removing *the mill*, were or were not an acceptance of it; that they would judge whether the term " general building of the mill " in the contract did not include the location of it, and all things connected with the job; that if they found an acceptance of the mill, they would allow the contract price and interest, deducting a proportionate part of the contract price for the defects, if any ; and that in selecting the site for the mill, it might be done by an agent, and that he was not bound at his peril *to select the best possible location*, but only to conduct as discreet, prudent and judicious men would do in acting for themselves. There were some other instructions in relation to the bearing of the evidence, the whole charge being set down in the exceptions. The verdict was for the plaintiff, and the defendants filed exceptions.

The case was submitted on the briefs of Counsel by

*Tenney*, for the defendants, and by *Boutelle*, for the plaintiff.

To show that the meaning of words, and general construction of writing, are for the Court, and not to be left to the jury, *Ten-*

*ney* cited 1 *Stark. Ev.* 429; 3 *Stark. Ev.* 1032, 1033; 16 *Johns. R.* 14; 4 *East*, 130. Evidence may be admitted to show the meaning of a term, but not the meaning of a sentence. 7 *Cowen*, 202; *Boies* v. *McAllister*, 3 *Fairf.* 308. There must be a cause of action when the suit was commenced to maintain it. 1 *Caines*, 69; 4 *Kent*, 120. The plaintiff could not delegate the power to select the location for the mill to another, but must do it himself. *Stoughton* v. *Baker*, 4 *Mass. R.* 530; *Tippets* v. *Walker*, *ib.* 597; *Emerson* v. *Prov. H. Man. Co.* 12 *Mass. R.* 237.

*Boutelle* cited, as to the acceptance of the work and the measure of damages and waiver, *Hayden* v. *Madison*, 7 *Greenl.* 76; *Gage* v. *Coombs*, *ib.* 394; *Wyer* v. *Merrill*, *ib.* 342; and *Brinley* v. *Tibbets*, *ib.* 70.

The opinion of the Court was by

WESTON C. J.— *Coggswell* executed the contract avowedly for himself, and for *Holmes* and company. Who was connected with *Holmes* other than *Coggswell* in this business, does not appear from the instrument itself; but it does manifestly appear, from the correspondence, to have been *Hogins*, and that from his letters to the plaintiff. It not being a contract under seal, the authority of *Coggswell* to contract for the other two, may be proved by their subsequent recognition. And that is very clearly and fully proved. It appears from the contract and letters, in which each is implicated by his own admission, that they were jointly concerned in procuring the mill in controversy to be built. *Hogins*, in his letter of *June* 1, 1835, states that he had the contract in his possession; and aside from the community of purpose and interest, which would affect each with a knowledge of what had been notified to either, it is fairly to be implied from the letters of *Holmes*, that he had a full understanding of the whole business.

By the contract, the mill was to be built at or near the outlet of *Moosehead* lake, on the east branch. Whether its actual position was to be determined by the plaintiff, or by the defendants, or by both parties in concert, we hold it unnecessary to determine, as after it was built, the defendants made no objection to its location. *Hogins* states his apprehensions upon some other points, but is silent as to its site. If the location was not satisfactory, they should

interposed their objections at an earlier period. They were r ... ly silent upon this point, but their a quiescence in the site, is fairly deducible from their letters.

And they made no complaint, that the mill was not finished within the time limited in the contract, but acknowledged the justness and fairness of the plaintiff's claim. As to the execution of the work, *Holmes,* under the date of *November* 25th, 1835, advises the plaintiff, that there was no necessity for him to send any one to examine it, as "it is not disputed." And he adds, that for the same reason, it would be a useless expense to procure an appraisal of the work. He further advises, that he had written to *Coggswell,* that their affairs ought to be closed for reasons, which he thought would bring him to a settlement. And *Hogins,* by his letter to the plaintiff the next month, although he expresses some apprehensions about the sill and the floom, states that it is entirely unnecessary, that the construction of the mill should be examined, as they did not object to that. *Coggswell* also, by his letter to the plaintiff, of *December* 13th, 1835, expresses his belief, that they will settle soon, and advises the plaintiff to take their notes upon a further extension of credit.

We are of opinion, that the authority of *Coggswell* to contract for the other defendants, a waiver of any objection in regard to time, an acquiescence in the site, and an acceptance of the mill are fairly to be drawn from the correspondence, implicating all the defendants. As the verdict therefore is right, it is immaterial, whether the Judge did or did not leave to the jury a part of what he should have decided himself.

*Exceptions overruled.*