## DICKERSON & CO. v. DANIELS *et al.*

*Appeal from Clayton District Court—Wednesday, October 7, 1863.*

EVIDENCE OF AGENCY: RATIFICATION.

THE facts and the conclusions of the court thereon were stated by—

WRIGHT, J.—In 1852 one Rolf entered, in the name of Michael Sanford, with a military land warrant, the land in controversy. The warrant was issued to Sanford, but was owned by the respondent, Daniels. Daniels lived in Vermont and sent the warrant to his agent, Evans, who employed Rolf to enter the land. Rolf sold the land in August of the same year to complainants, giving them a bond for a deed, reciting the sale for $60, which was to be paid in July, 1853; that a note was taken for the said sum, and that a deed was to be made upon the payment of said note, with all interest and taxes, &c. Before the maturity of the note, which was payable to Rolf, it was indorsed and sent by him to Daniels. After this, complainant paid the

purchase-money and interest to Rolf and took his deed for the land. This was in May, 1854. In August, 1853, Sanford conveyed the land to Daniels, whose deed was filed for record in October of the same year. In 1861 respondent sold the land to respondent Pastch, and received $200 of the purchase-money, but made no deed. This bill is filed against Daniels and Pastch to compel a specific performance of the contract with Rolf, claiming that Rolf was the agent of Daniels, or if not, that his contract and agency was ratified; that Daniels took the title from Sanford in trust for complainants, and that Pastch purchased with notice, &c. The cause was referaed to a referee, who, after hearing all the testimony, found in favor of complainants, and this finding being adopted by the Court, respondent Daniels appeals.

We do not think the evidence justifies this decree. As to the law of the case there is no room for controversy. The bill is not sustained by the evidence (its material averments being denied in the answer), and should have been dismissed.

There is no testimony tending to show that Daniels ever employed Rolf to enter land for him, or that he knew anything of his transacting such business until in 1855. Evans had no authority from Daniels to thus employ him. Then, again, Rolf did not disclose his agency, nor pretend to complainants that he was acting in the entry and sale as the agent of respondent. Complainant had no actual knowledge until years afterwards, that the land warrant belonged to Daniels. But conceding the authority of Rolf to make the entry, by virtue of his employment by Evans, the case is barren of all proof, as to his authority to make the sale. Indeed, his authority to do so is expressly negatived by the testimony of two witnesses, and is not sustained by any. And the authority to make the sale would not include the right to receive the money. The note was not in his hands, nor surrendered. Nor does it even appear that the money was paid to or received by Rolf as the agent of Daniels. At this time complainant knew nothing of the connection of respondent with the land. Daniels held the note, but what it was given for, or that it had any connection with this land, he did not know, so far as disclosed by the evidence. The taking of the note, therefore, could not amount to a ratification, for respondent had no knowledge much less a full knowledge of the facts, at the time of such supposed ratification.

Several letters are introduced in evidence, and a ratification is claimed from them; taking them altogether, they are certainly far from establishing any such proposition. In substance they show a repudiation by respondent of Rolf's act—a willingness on his part to let complainants have the land upon certain terms, and an anxiety on the part of complainants to comply with these propositions and per-

fect their title. But these letters amount to nothing more than propositions to settle or arrange the controversy, unless it may be an implied admission, of the independent fact in one of them, by complainants that they were dependent for their title upon the favor of respondent, and had no right, by virtue of the contract with Rolf, to exact the same.

Without reaching the question, therefore, whether Pastch was or was not an innocent purchaser (and the testimony is certainly very slight), we conclude that for the reasons stated, the bill should have been dismissed.

Reversed.

*Murdock and Stoneman* for the appellant — *Noble and Beckwith* for the appellee.