Beck, J.
The only question presented for our determination by the record-relates to the decision of the court upon the facts of the case.
In order to bind the plaintiff by the act of Mitchell, in receiving the money due upon the note, it must appear *370 that he was empowered so to do, or that his act was after ward recognized and approved by plaintiff. It is not claimed that he was directly authorized to receive the money, but that the power will be presumed on account of his conceded agency in loaning the money. But the power to collect money cannot be inferred from the power to make a loan and receive securities therefor. See Story on Agency, § 98, and authorities cited; Dickerson & Co. v. Daniels et al., 15 Iowa, 598. Mitchell’s authority to receive payment of the note cannot be presumed from his agency to make the contract under which the money was loaned to defendant.
It is claimed that authority to loan the money - would imply authority to take the security of the deed -of trust, and that Mitchell, being himself the trustee, had the power to receive the money in discharge and satisfaction of the trust deed. It may be admitted that, in other cases of trusts, the trustee can bind the cestui que trust by the receipt of money or property which is the subject of the trust. But in this case, the trust was designed to operate as a seourity. In its effect it is not different from a mortgage, and will follow the note it was given to secure. Sargent v. Howe et al., 21 Ill. 118. It would be an extremely doubtful rule, and one subject to great abuses, to hold that a trustee, named in a deed intended to secure the payment of money, and for no other purpose, could, without authority of the creditor, receive payment thereon and discharge the lien created by the conveyance. A safer rule is to regard such an instrument simply as a security, and the trustee as possessing no power to receive payment except as it may be expressly conferred by the creditor.
The evidence failing to show that the plaintiff had empowered Mitchell to receive the money, or subsequently confirmed his act, the defense of payment was not sustained. The judgment of the circuit court is
Reversed.