JOHN WHEELER, Defendant in Error, v. METROPOLITAN MANUFACTURING COMPANY, Plaintiff in Error.

### St. Louis Court of Appeals, October 26, 1886.

1. APPELLATE PROCEDURE—ASSIGNMENT OF ERRORS.—In the absence of a formal assignment of errors, and where the appellant's brief assigns but one error, the appellate court will determine only the question raised by such assignment of error.

2. —— Instructions will not be reviewed on appeal where the record does not show that exceptions were saved to the giving thereof.

ERROR to the St. Louis Circuit Court, DANIEL DILLON, JUDGE.

*Affirmed.*

HOUGH, OVERALL & JUDSON, for the plaintiff in error.

HENRY W. BOND, for the defendant in error.

THOMPSON, J., delivered the opinion of the court.

This was an action against the defendant, a corporation having its residence in the state of New York, for the malicious prosecution in the St. Louis court of criminal correction of a criminal action against the plaintiff. The answer was a general denial. The plaintiff had a verdict and judgment for five hundred dollars, and the defendant prosecutes a writ of error in this court.

There is no assignment of errors other than that contained in the statement and brief filed by the plaintiff in error, and the only error there assigned is, that the circuit court held that the defendant is liable for damages if one held out as an agent is guilty of malicious prosecution, although such prosecution was not

authorized by the officers of the company. The record has been examined with care. The court did not submit the case to the jury upon this theory, but upon the three propositions, that in order to make the defendant liable, the agent by whom the suit was instituted (1) must have been either its general agent or manager, or (2) must have had general· or special authority to bring it, or (3) that the defendant must have subsequently ratified it. An analysis of the instructions will, we think, show that these were the only theories on which the case was submitted to the jury. But if they were susceptible of the interpretation indicated by the assignment of error, the objection would still not be available because the record does not show that an exception was saved to the giving of them.

If the court, in the course of the trial, admitted evidence tending to show that the person or persons by whom the criminal prosecution was instituted and promoted had been held out by the defendant as its agent, or agents, we do not see any error in this, because this is one of the recognized modes of proving agency.

Under the rules of appellate procedure we are not called upon to make any further observations upon the record, and, being of opinion that the ground on which we are asked to reverse the judgment is not tenable, we order that it be affirmed. All the judges concur.