GRANT, Defendant in Error, v. KIDWELL, Plaintiff in Error.

1. Where the payee of a negotiable promissory note endorses the same before maturity, a payment made to him before his endorsement will not extinguish the debt so far as the endorsee is concerned, unless the latter had notice of the payment at the time of such endorsement.

2. An antecedent liability incurred by the endorsee of a negotiable promissory note, assigned before maturity, as surety for the payee and endorser, is a sufficient consideration to support the title of such endorsee; the endorsee, however, in such case, is a holder for value, in the sense that will entitle him to recover, against the maker of the note, irrespective of the equities between such maker and the payee, only to the extent of the liability incurred by him as surety for the payee.

### Error to Callaway Circuit Court.

This was an action by Samuel Grant against Washington R. Kidwell on a negotiable promissory note for $1,054.04, dated September 27, 1858, and payable six months from date, of which said Kidwell was the maker and one George Yates the payee. The petition alleges an assignment of said note by endorsement by said Yates to plaintiff on the —— day of March, 1859.

The defendant in his answer admitted the assignment of

said note by Yates on the 29th of March, 1859. He further set up that said assignment was not for value; that at various times previous to said 29th of March, he made payments on said note, (which are set forth specifically,) amounting in the aggregate to $653.50, which he claims should be deducted from the amount due on said note. He also set up that Yates assigned and delivered said note to plaintiff as security against loss by plaintiff by reason of the latter being security for said Yates on a note for $699.44, dated January 3, 1859, to one John B. Gregory, payable one day after date, with interest at ten per cent. per annum; that plaintiff holds the note sued on in trust for the alleged purpose, and is affected with notice of the payments above referred to made by defendant; that said assignment was made for no other purpose than by way of security against the liability aforesaid; that Yates is hopelessly insolvent. The defendant then proceeds to set up " as a counter-claim" expenditures made by him at the instance and request of Yates subsequent to the assignment of the note sued on. He prays that Yates and Gregory be made parties.

The court, on motion of plaintiff, struck out all of said answer except that admitting the alleged endorsement of the note by Yates to plaintiff. The court found for plaintiff and gave judgment for $1,154.08 and costs.

*Hardin*, for plaintiff in error.

I. The court committed error in sustaining the motion to strike out the answer. Grant ought not under any circumstances to recover of Kidwell more than the amount of the note held by Gregory on him. Were he to recover the surplus he would be indebted to that extent to Yates. Why coerce from Kidwell this surplus? Grant obtained the note without value, and holds it in trust for a particular purpose. He is not entitled to recover against Kidwell more than enough to save himself harmless against his obligations to Gregory. Both Gregory and Yates should be made parties. (19 Mo. 63; 21 Mo. 156.)

*Hayden & Hockaday,* for defendant in error.

I. The note being a negotiable note and transferred before its maturity was not subject to any equities between the original parties in the hands of a *bona fide* holder for a valuable consideration without notice. The note was transferred for value. The consideration was Grant's suretyship for Yates. (Sto. on Bills, § 183; 5 Barr, 160; 9 Verm. 213.) The equities and offsets of Kidwell are of no avail. But assuming that the previous equities alleged as payments could be deducted from the note, there can be no pretence that after Grant obtained the transfer of the note Kidwell could, by subsequent transactions with Yates, impair the value of the security by creating offsets thereto. The answer does not offer to pay the balance of the note after the deduction of the equities accruing before the transfer of the note. Yates and Gregory are not necessary parties to the suit.

NAPTON, Judge, delivered the opinion of the court.

There is no doubt that a *bona fide* endorsee of a negotiable note can not be affected by any dealings between the original parties of which he had no notice. Therefore, where a negotiable note is endorsed before it is due, a payment made to the endorser before his endorsement will not be an extinguishment of the debt so far as the endorsee is concerned, unless he has notice of the payment at the time he gets the title to the note. (Story on Bills, § 417; Chitty on Bills, Ch. 6; Prior v. Jacocks, 1 John. Cas. 169.)

Of course this principle will apply *a fortiori* to payments made after the endorsement.

Grant's liability, as security for Yates, the payee and endorser of the note, was a sufficient consideration to support his title as evidence. (Story on Bills, § 183.) But a consideration may be entirely sufficient to support the transfer at the time, and yet there may be a subsequent failure of it in whole or in part. If Yates had paid off the note on

which Grant became his security, the consideration for the endorsement would have failed; and if it had been only partially paid, the payment would have been to that extent an extinguishment of the claim upon Kidwell. The plaintiff Grant is a *bona fide* purchaser for a valuable consideration as far as it goes, but as he took the note now sued on to secure himself against a liability incurred for the endorser, Yates, whenever that liability is extinguished, he is no longer a purchaser for value. As the note sued on in this case was for $1,054.94, and the note upon which the plaintiff was security was only $699.44, we do not see why the defendant should be compelled to pay the surplus, for which there was no consideration whatever. Indemnity is the only basis of the transfer, and when that is accomplished the plaintiff stands as a purchaser without consideration.

The judgment is reversed and the cause remanded. The other judges concur.