GOODFELLOW v. STILLWELL *et al., Appellants.*

1. **Promissory Note:** SECURED BY DEED OF TRUST: BONA FIDE PURCHASER. One who purchases a (negotiable) promissory note secured by a deed of trust, before maturity and without knowledge of payments made upon it, is entitled to have the deed of trust enforced for the full amount of the note. (*Logan v. Smith*, 62 Mo. 455.)

2. **Principal and Agent:** DEED OF TRUST. One who purchases a note secured by a deed of trust which authorizes the trustee to receive payment, will be deemed to have constituted the trustee his agent for that purpose, if he does not revoke the authority so given.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

REVERSED.

*Chas. A. Winslow* for appellants.

Stillwell occupies the same relations to the security that he does to the note, of which the record shows he is a *bona fide* purchaser, and his rights thereto can only be affected in the same way. *Logan v. Smith*, 62 Mo. 455; *Updegraft v. Edwards*, 45 Iowa 513; *Mechanics Bldg. Asso. v. Ferguson*, 29 La. Ann. 548; *Duncan v. Louisville*, 13 Bush (Ky.) 378; *s. c.*, 26 Am. 201.

HENRY, J.—The plaintiffs' suit was to enjoin the de-

fendants from selling certain parcels of land lying in Randolph county, and the petition stated substantially, that on the 8th day of May, 1872, Hunt & Godfrey conveyed to Henry M. Porter a tract of ninety-five acres of land adjoining the town of Moberly, and out-lots No. 56, 78, 11, 12, 13, 15 and 16, for the consideration of $19,150, one-third of which .was then paid, and for the balance Porter executed two promissory notes, each for $6,383—one payable the 8th day of May, 1873, and the other the 8th day of May, 1874, and to secure their payment, executed a deed of trust conveying said land and lots to W. F. Barrows, trustee, and containing in addition to the usual stipulations, one constituting said Barrows the agent of Hunt & Godfrey to receive any payments of money on said notes, and to release from said deed of trust, any portion of the land or lots which Porter might sell, at a price to be named by said Barrows, the latter receiving the purchase money, or notes for the same secured by deed of trust on the property so sold. June 19th, 1872, Porter sold the ninety-five acre tract to Wisdom & Rothwell, for $19,000—$6,000 of which was then paid to Barrows, and, for the balance they executed two promissory notes for $6,500 each, one falling due June 19th, 1873, the other June 19th, 1874. In July, 1872, Porter sold the out-lots to W. J. Hallock for $18,000, except out-lot No. 15, of which $6,000 was paid to Barrows, and for the balance Hallock executed two promissory notes for $6,000 each, one payable 28th day of March, 1873, and the other 28th day of December, 1873, which were placed in the hands of Barrows, who then released said out-lots, except 15, from the deed of trust executed by Porter to him. He had also released the ninety-five acre tract. Out-lot No. 15 had been subdivided, and the plaintiffs by purchase from Porter, or his assigns, are the owners thereof, and this is the property which Stillwell had advertised for sale under the deed of trust. It is alleged that the two Porter notes, the Wisdom & Rothwell notes and the Hallock note which became due 28th day of March,

1873, had been paid to Barrows while Hunt & Godfrey were owners and holders of the Porter notes, and before Stillwell received the note of which he seeks to enforce payment by the sale of the lot in controversy, and that Stillwell, when he received the note, had actual knowledge of all the facts. It was clearly established by the evidence that Stillwell purchased the note in question for a valuable consideration before its maturity, and there was no evidence tending to show that he knew of any payments having been made on it, or that he was aware of the transactions between the parties to the several conveyances which are mentioned in the petition; while he testifies that he was ignorant that such dealings had occurred, or that any payments had been made on his note. On these facts he is unaffected by any payments made upon the note before he obtained it, and Porter was still bound to him for its payment, and the deed of trust remained in full force for his benefit. *Logan v. Smith,* 62 Mo. 455.

Any money received by Barrows in payment of the note held by Stillwell, after Stillwell became the owner, should be credited on the note. When he acquired it, he was aware of the authority given to Barrows by the deed of trust. That deed was before him when he purchased the note; and if unwilling for Barrows to receive payment of money on it, he should have revoked his authority, as to that note. By his conduct in the premises Barrows was constituted his agent to receive payment. By the judgment of the circuit court the injunction was made perpetual, and Stillwell appealed. That judgment is reversed and the cause remanded, to be proceeded with as herein indicated. All concur.