89 553
34a 412
89 553
42a 658
89 553
49a 147
50a 365
89 553
63a 444
89 553
67a 25
89 553
136 439
69a 590
89 553
142 574

---

### LEE, *Appellant*, v. CLARK.

**Assignment of Note**: SECURITY: DISCHARGE OF LIEN. The payee of a note secured by a deed of trust, after he has assigned the note before maturity, cannot, by entering satisfaction of the debt on the margin of the record, or in any other manner, discharge the property of the lien, as between a *bona fide* purchaser and the assignee of the note.

*Appeal from Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

REVERSED.

*Gage, Ladd & Small* for appellant.

(1) The indorsee for value, before maturity, of a negotiable note secured by deed of trust, takes the security by the same title as that by which he holds

(553)

the note. *Logan v. Smith,* 62 Mo. 459; *Goodfellow v. Stillwell,* 73 Mo. 19; *Carpenter v. Longan,* 16 Wall. 273; 1 Daniel on Neg. Instr. [3 Ed.] sec. 834. (2) As an inevitable result from the first proposition it follows that no dealings between the payee and the maker of the note, nor any act done by the payee of the note subsequent to his indorsement thereof before maturity, which would, if had or done while the note remained in the hands of the payee, have destroyed or impaired in his hands the remedy upon either the note or the deed of trust securing the same, can be held to have any effect whatever upon the remedy when invoked by such indorsee. *Joerdens v. Schrimpf,* 77 Mo. 383; *De-Laureal v. Kemper,* 9 Mo. App. 77; *Boyd v. Parker,* 43 Md. 182; *McCracken v. Germania Ins. Co.,* 43 Md. 471; *Lapping v. Duffy,* 47 Ind. 51; *Hasselman v. McKernan,* 50 Ind. 441; *Dixon v. Hunter,* 57 Ind. 278; *Fassett v. Mulock,* 5 Col. 469. (3) Archer was not the person designated by the statute to make the marginal release, and, therefore, the defendants had no right to rely upon it. *Joerdens v. Schrimpf,* 77 Mo. 385; *De-Laureal v. Kemper,* 9 Mo. App. 79. (4) The parties purchased the property at their peril. No matter what care was exercised, what degree of diligence was adopted, or if the most extraordinary efforts to ascertain the fact had resulted in a moral certainty that the notes had been paid off, still, if the debt had not been actually paid, such diligence would not protect them. (5) When a negotiable note, secured by a deed of trust, has been transferred, the assignee is the proper party, under the statute, to make the release, and is subject to the penalty imposed by the statute if he fails to do so upon request. *Ewing v. Shelton,* 34 Mo. 518. (6) The acquisition by plaintiff of her title to the notes was confessedly prior in point of time to any right in the land acquired by these defendants: and, therefore, even if the equities

between these parties were equal, the plaintiff must prevail. Justice Story says: "Where the parties are equally meritorious, and equally innocent, the well known maxim of courts of equity is *qui prior est in tempore, potior est in jure*, he is to be preferred who has acquired the first title." 1 Story's Eq. Jurisprudence [12 Ed.] sec. 381.

*Karnes & Ess* for respondent.

When Wm. M. Clark made and delivered the deed of trust now sought to be foreclosed, Archer had an interest in the land. It was an estate or interest he could release by deed and transfer to others. If he had no interest plaintiff had none and judgment should be rendered for defendants on that account. If plaintiff has not title to the subject matter of the litigation, she cannot recover; while the trustee, Lee, had the legal title, he was powerless to release it on the margin, or by deed of release without being joined by the beneficiary, Archer. R. S., sec. 3311. Payment of the debt alone would extinguish the interest. *McNair v. Picotte*, 33 Mo. 71. Archer's interest could be transferred by deed acknowledged and recorded. R. S., secs. 668, 674, 676, 677, 678, 682, 691. The last section was intended to apply to every probable instrument in writing affecting real estate in any way whatever; certainly where there is a transfer by act of parties. *McClurg v. Phillips*, 57 Mo. 214; *Harrington v. Fortner*, 58 Mo. 468 *et seq.; Parkinson v. Caplinger*, 65 Mo. 294. Archer might have conveyed his mortgage interest by such a deed acknowledged and recorded and all persons buying the land would have bought with notice. R. S., secs. 692, 693; *Lewis v. Kirk*, 28 Kas. 497; R. S. of Kansas, 1879, secs. 19, 20, p. 212; *Williams v. Jackson*, 107 U. S. 478 *et seq*. The purchasers were only required to look to the record and they ought to be protected. *Tarry v.*

*Deavitt*, 53 Vt. 336; *Ogle v. Turpin*, 102 Ill. 150; *Henderson v. Pilgrim*, 22 Tex. 471; *Bank v. Anderson*, 14 Iowa, 545. When Archer transferred his "estate" or "interest" in this land to the plaintiff, plaintiff might have required and received a deed duly acknowledged conveying this "estate" or "interest" of Archer, in this land, to her, for the statute is that this "estate" or "interest" of Archer may be conveyed by deed executed and acknowledged and recorded. Then persons buying the land will buy with notice of this "estate" or "interest." A mortgage or deed of trust, or any other conveyance, may be made of this equitable interest, which may be acknowledged and recorded. *Digman v. McCullom*, 47 Mo. 372, and cases cited. If there had been a deed or conveyance of this "estate" or "interest" acknowledged and recorded, and if Archer had then released, such person taking such release would take with notice, and the entry of satisfaction would have been a mere nullity.

HENRY, C. J.—This is an action to foreclose a deed of trust, plaintiff claiming as assignee of the note secured by the deed of trust, and defendants claiming the title to the premises under deeds from the grantor in the deed of trust. It was admitted that Wm. M. Clark was the owner of the premises when he executed the deed of trust. The case was submitted upon the following agreed statement of facts: William M. Clark, on September 19, 1872, was the owner of the real estate on which he then made deed of trust to William E. Lee to secure to Samuel Archer the payment of the three notes mentioned in the petition and set out in the deed of trust, which matured respectively on April 1, 1874, April 1, 1875, and April 1, 1876. This deed of trust was duly recorded. Each of the notes was, before its maturity, endorsed and delivered by Archer to the plaintiff for value, she having paid for all the notes an

aggregate sum of two thousand two hundred and fifty-four dollars and eighty cents, in cash. At the time of her purchase of the first note in October, 1872, the deed of trust was delivered to her by Archer, together with the note, and the notes and deed of trust have been in her possession ever since their delivery to her. No payment on account of the principal of any of the notes has been made; the interest on them to October 1, 1875, has been paid. On September 2, 1876, long after the plaintiff had purchased the notes and while they were in her possession, and after their maturity, Samuel Archer, the payee, made the following entry upon the margin of the record of the deed of trust: "This deed of trust is satisfied in full, both principal and interest. Given under my hand and seal, this second day of September, 1876. Samuel Archer [seal]." After this entry was made Archer informed William M. Clark that the notes had been fully paid and the real estate released from the lien of the deed of trust. On January 13, 1879, William M. Clark, in satisfaction of a debt which he owed John R. Clarke, conveyed the land to the latter; on July 21, 1879, John R. Clarke conveyed to Robert L. Baker; on September 25, 1879, Robert L. Baker conveyed the east half of the property to James B. Baker, who, on October 18, 1880, conveyed the same to defendant, Mary A. Baker. On October 21, 1881, Robert L. Baker conveyed the west half to defendant Hammerslough. John R. Clarke, Robert L. Baker, James B. Baker, Mary A. Baker and Louis Hammerslough purchased relying upon Archer's record entry of satisfaction of the deed of trust and believing the land was free from the lien of the deed of trust. None of them knew that the notes had been transferred to the plaintiff. The plaintiff has always resided in the state of Pennsylvania, and has never been in the state of Missouri. She never had any knowledge, information or intimation whatever that Samuel Archer, or any other person, had attempted to release the deed

of trust until in the month of June, 1882, when she sent an agent to Kansas City for the purpose of taking steps to foreclose or sell under the deed of trust, when an examination of the records by said agent disclosed the existence of the marginal entry of release.

Upon the hearing the court rendered judgment for the defendants, from which plaintiff has appealed to this court. The simple question for determination is, can the payee of a note secured by a deed of trust after he has assigned the note discharge the property of the lien as between a *bona fide* purchaser of the property and the assignee of the note by entering satisfaction of the debt on the margin of the record or otherwise? It has been repeatedly and uniformly held in this state that the assignment of a note before maturity secured by a deed of trust carries the trust deed as an incident. *Logan v. Smith*, 62 Mo. 459 ; *Goodfellow v. Stillwell*, 73 Mo. 19; *Joerdens v. Schrimpf*, 77 Mo. 383. In the latter case, which is analogous to this, the court said : "Hence, if the plaintiff purchased the note for value, before maturity, and before the entry of satisfaction, the payment to Ohlendorf and his entry of satisfaction on the record could not affect the security afforded by the deed of trust." There Ohlendorf was the payee of the note secured by the deed of trust. Again, said the court : "Ohlendorf was not the *cestui que trust* when the entry was made, he was not the person authorized by statute to make it, and it stands on the record a mere nullity."

In the case of the *Boatmen's Savings Bank v. Grewe*, 84 Mo. 478, this court said: "It is well settled law, that the assignment of the note carries the security. The assignee stands in the place of the payee. Neither the trustee nor the assignor can alone enter satisfaction of the mortgage debt. Generally the assignee is a necessary party to all proceedings affecting his security, in order to be bound thereby." These recent decisions

:are in harmony with those which held that the security passed as an incident, with the assignment of the note, and are decisive of the question involved in this case; and to the question, what shall one desiring to purchase do, under such circumstances as are disclosed by this record, the answer is, let it alone until he can ascertain who holds the note. He is under no obligation to buy, and prudence would dictate that he should not buy until satisfied that the owner of the note had entered satisfaction of the debt. It may embarrass persons desiring to purchase, and it might be well for the legislature to' require a memorandum of the assignment of the note to be entered upon the margin of the deed of trust or mortgage.

The judgment is reversed and the cause remanded. All concur, except Norton, J.