ALVER C. BOST ET AL., RESPONDENTS, v. GEORGE K. McFARLAND ET AL., APPELLANTS.—81 S. W. (2d) 350.

Kansas City Court of Appeals.    April 1, 1935.

*F. M. Brady* for respondents.

*Montgomery, Martin & Montgomery* for appellants.

SHAIN, P. J.—This is an action in equity instituted by respondents, who were plaintiffs below and hereinafter referred to as such, asking that a certain note of $300 be declared to be duly paid and satisfied and that a certain deed of trust on real estate in Benton County, Missouri, be fully discharged and released of record in so far as the said $300 note is concerned. The appellants were defendants below and will be so referred to hereafter.

The facts as shown by the record are that the plaintiffs, in the summer of 1929, made application to the Crawford Loan Company of Sedalia, Missouri, for a loan of $300 to be secured by a deed of trust on their farm situate in Benton County, Missouri.

As a result of the plaintiffs' application, the loan was secured and two notes, one for $400 and one for $300, were executed by the plaintiffs wherein the payee was McFarland and Haines. A deed of trust was duly executed by the plaintiffs on their said farm to secure the said notes. In this deed of trust McFarland and Haines appear as beneficiaries and Grant Crawford appears as trustee. The deed of trust was duly recorded in Benton County, Missouri.

The evidence is to the effect that in all matters concerning these notes the plaintiffs dealt alone with the Crawford Loan Company. It appears that when interest became due that the plaintiffs paid same direct to the Crawford Loan Company and the Crawford Loan Company delivered the interest coupons direct to the plaintiffs.

It is shown that on May 9, 1931, the plaintiffs desiring to take up the $300 note sent a check for $319.50, principal and interest, to

the Crawford Loan Company. With this remittance, the following letter was sent:

"Warsaw, Mo., May 9, 1931.

"Crawford Loan and Abstract Company,

"Sedalia, Missouri.

"Dear Sirs:

"I am sending check for $319.50, to take up the $300 loan on my place, including interest up to June 1, 1931. Also interest on the $400 loan to July 1, 1931. If it isn't satisfactory, let me know, and if it is, please notify me at once.

"Yours respectfully,

"A. C. Bost,

"Warsaw, Mo., Star Route."

It appears that the Crawford Loan Company duly received the sum of $319.50 but the same appears never to have been paid over by this company to McFarland and Haines or to anyone else. It appears that the $319.50 was remitted to the Crawford Loan Company before the maturity of the said $300 note. It further appears that said note was never surrendered to the plaintiffs and that no release as to same was ever made on the records.

The plaintiffs' original petition was filed September 19, 1933. After filing of the petition the plaintiffs learned that Herbert P. Worth made claim of ownership to the $300 note in question. In the June term of the Benton County Circuit Court, 1934, the plaintiffs filed an amended petition wherein Herbert P. Worth was made a party defendant.

In the plaintiffs' amended petition are allegations as follows:

"Plaintiffs further state that during all of the times hereinafter mentioned, the defendants, George K. McFarland and Benjamin W. Haines, have been engaged in the business of loaning money on farm lands in Benton and other counties in the State of Missouri, under the firm name of McFarland and Haines, and that the Crawford Loan & Abstract Company of Sedalia, Missouri, and the defendant, Grant Crawford, have at all such times been the agents of the said George K. McFarland and Benjamin W. Haines in the making of such loans, in collecting same and also in collecting the interest thereon from the borrowers, and have also acted as agents and been the agents of all owners and holders of notes and loans payable to McFarland and Haines, secured by deeds of trust upon land in Benton and other counties in Missouri, including the defendant, Herbert P. Worth, with full authority to make such loans and to collect the same from the borrowers and to give acquittances and receipts therefor."

In this petition there are allegations as to Worth as follows:

"That the defendant, Herbert P. Worth, claims some right, title or interest in and to the said $300 note, but that such interest is not shown by the deed records of Benton County, Missouri, and the exact nature thereof is not known to plaintiffs."

The plaintiffs plead full payment of the $300 note, as of the aforesaid date of May 9, 1931, and based their prayer for relief on that payment.

McFarland and Haines join issue by general denial.

Herbert P. Worth files separate answer in which he admits that McFarland and Haines are a co-partnership engaged in loaning money on real estate in Missouri and admits that the Crawford Loan Company and Grant Crawford are agents for McFarland and Haines in loaning money and in making collections for McFarland and Haines, but avers that neither McFarland and Haines, the Crawford Loan Company or Grant Crawford have ever acted in his behalf touching the matters in issue and avers that none of the parties, for or on his behalf or with his knowledge or consent, collected the note in question or ever remitted to him for collection of same.

This defendant, in his answer as touching the ownership of the note, avers:

"Further answering, this defendant avers that he is the owner and holder in due course of the said negotiable $300 note, he having acquired the title thereto for full value, on the 23rd day of October, 1929, and prior to the 9th day of May, 1931, and that he has at all times had the said note in his personal possession and has not delivered the same to the said company nor to the said Crawford for collection and has never authorized any person to receive payment of any part of the principal thereof for and on behalf of this defendant."

The record does not disclose that the plaintiffs filed a reply to the answers filed by the defendants.

After issues so joined, the case was tried before the Circuit Judge of Benton County, Missouri, sitting as a chancellor, and decree was rendered in favor of the plaintiffs wherein the note was decreed as fully paid and no longer a lien upon the farm of plaintiffs and the trust deed, in so far as the $300 note is concerned, was decreed fully satisfied and discharged and the defendants were ordered to deliver said note to the plaintiffs.

Grant Crawford, as trustee, was made a party defendant. He appears to have filed no answer and the decree does not define his status or make any award as to him.

From the decree of the chancellor, the defendants, McFarland and Haines and Herbert P. Worth, have appealed.

## OPINION.

This being a suit in equity, it becomes our province to make finding of fact and make application of law.

The plaintiffs make numerous assignments of error. We conclude that, as it is the province of this court to review the evidence and in so doing to determine as to competency of the evidence to issue, a statement of assignment of error number one presents all that it is necessary to embrace in the opinion.

Assignment one is as follows:

"The court erred in making its finding and decree on behalf of the respondents when such decree, under the law and evidence, should have been for the appellants."

It is apparent from the evidence in this case that the plaintiffs dealt with the Crawford agency and paid the $300 note to said agency with the understanding, on the part of the plaintiffs, that the Crawford agency was the duly accredited agent of the people by whom the loan was made.

As to whether or not the Crawford agency was actually authorized to collect the principal of notes owned by McFarland and Haines is an issue that may not necessarily be decisive of the issue as to defendant Worth. We, therefore, pass to the consideration of defendant Worth's claim.

From a careful study of the evidence, we find as issue of fact that the defendant Worth did for value and in due course of business purchase the $300 note in issue before maturity and was owner in due course at the time this action was brought. We further find that the evidence fails to prove that said defendant Worth had ever authorized either McFarland and Haines or the Crawford agency to collect said note and that therefore the collection of said note by either McFarland and Haines or by the Crawford agency was unwarranted and cannot be considered as binding in any respect upon said defendant Worth. Having found the above facts in favor of said defendant Worth, we conclude that the matters as to rights and remedies, if any, between defendants McFarland and Haines and defendant Worth is outside the issues of this case and we are not called upon to determine the issue of agency of the Crawford agency for defendants McFarland and Haines.

Having determined the issues of fact, we turn to questions of law and equity.

Equity follows the law. The law as to negotiable paper is, that makers of negotiable promissory notes must take notice that said notes are likely to pass into the hands of a third party. [Brants v. Runnels, 26 S. W. (2d) 1004.]

A mortgagor, who pays a note secured by the mortgage before maturity, has the duty of ascertaining as to whether the person re-

ceiving the payment is owner of or in possession of the note. [Brants v. Runnels, supra; McDonald v. Smith, 201 Mo. App. 78; Sexton v. Gordon et al., 291 S. W. 512.]

A maker of a promissory note who pays to one without the note does so at his peril. It is the duty of the maker in paying a note to demand the note. See citations above.

The fact alone that the purchaser of a promissory note sends the coupons to the payee for collection does not constitute the payee the purchaser's agent to collect for coupons not sent in or to collect the principal. [McDonald v. Smith, supra.]

There is no evidence in the record herein from which inference can be drawn that authority for the Crawford agency to collect the note for defendant Worth is established by any principle of estoppel and no course of dealing is shown between the Crawford agency and defendant Worth or as between McFarland and Haines with defendant Worth as would permit an inference that agency was established by course of dealing.

Courts of equity must often deal with situations wherein one of two innocent parties must suffer. The rule in such cases is that the loss must fall upon the one whose negligence brings it about. [Cummings v. Hurd, 49 Mo. App. 148; McDonald v. Smith, supra.]

The plaintiffs in this case are shown to have acted with disregard to the fundamental principles of law and equity laid down by the authorities above cited and, while the plaintiffs have suffered grevious wrong, we are powerless in this action to relieve them from the consequences of the wrongs suffered, for the reason that to do so we would have to penalize another who has not violated the rules of law and equity by which we must be guided.

Equity aids the vigilant, not those who sleep on their rights. [Thompson v. Lindsay, 145 S. W. 472, 242 Mo. 58.]

As the question of relief sought by plaintiffs' bill in equity resolves itself down to a determination of rights as between the plaintiffs and defendant Worth as to the note and deed of trust in issue and as we have determined that neither McFarland and Haines or the Crawford agency had authority to collect the note in issue, it becomes unnecessary for us to determine as to the relations between McFarland and Haines and the Crawford Loan Company and we would have to go outside the issues made by the pleadings if we undertook to make any adjudication of matters of rights, if any, between the plaintiffs and other defendants than defendant Worth.

In accordance with our conclusions the judgment and decree rendered by the circuit court is reversed. All concur.