KRAEMER et al. v. LEBER et al.

Nos. 28760 and 28761.

St. Louis Court of Appeals.

Missouri.

April 20, 1954.

Raleigh McCormick, Clayton, H. L. C. Weier, Hillsboro, for plaintiffs-appellants.

Dearing & Matthes, M. C. Matthes, Hillsboro, for respondent and defendants.

HOUSER, Commissioner.

This is a suit to enjoin the foreclosure of a deed of trust and to compel the crediting of certain payments on the principal note thereby secured.

Geneva Kraemer and William Kraemer, her husband, filed a petition as makers of a principal note in the amount of $5,000 and ten semi-annual interest notes to stop the foreclosure of the deed of trust securing them and to compel the crediting of the principal note with the payment of $1,200 which plaintiffs claimed they paid to a collecting agent of the owner of the note, and to effect a pro rata deduction in the principal amount of the interest notes remaining unpaid. They joined as defendants Mr.

and Mrs. J. C. Leber, the latter of whom was the owner of the note. Other defendants were the Sheriff of Jefferson County, acting trustee under the deed of trust, and Grace A. Wheeler, the original payee. The latter filed a disclaimer. Defendants Leber filed an answer denying that any payments had been made on the principal note to them or to any person authorized by them to collect payments thereon, alleging that the principal sum of $4,500 remained due on the note, and asserting the right to foreclose the deed of trust for default in the payment of an installment note due in the sum of $112.50. The chancellor enjoined the foreclosure and awarded defendant Mrs. J. C. Leber the sum of $597.21. From this decree both the plaintiffs and defendant Mrs. J. C. Leber have appealed to this court.

The cause was submitted on an agreed statement of facts. Plaintiff Geneva Kraemer owned certain real estate located in Jefferson County. Desirous of negotiating a loan she and her husband went to the office of George Pickles, a real estate dealer doing business in Sappington, where, on September 22, 1947, plaintiffs William and Geneva Kraemer executed their negotiable promissory note in the principal sum of $5,000, payable five years after date, bearing interest from maturity at the rate of 8% per annum, together with ten negotiable interest notes in the sum of $125 each, the first of which was payable six months after date and the remaining nine of which became due, in order, at six-month intervals thereafter. Plaintiffs executed a first deed of trust upon their real estate as security for the notes. The principal note, each of

the ten interest notes and the deed of trust all recited that payments thereon were to be made at the office of George Pickles. All of the notes were made payable to Grace A. Wheeler, daughter of George Pickles, who was acting merely as a straw party for her father. She claimed no interest in the notes or deed of trust and upon execution and delivery thereof endorsed them without recourse to George Pickles. The deed of trust provided that the makers of the notes reserved the right to pay the sum of $100 or any multiple thereof on account of the principal note at any interest maturity date and that a pro rata deduction should be made in all interest notes thereafter maturing.

When the first six interest notes fell due on their respective due dates 6, 12, 18, 24, 30 and 36 months after September 22, 1947, plaintiffs paid them at the office of George Pickles. During that 3-year period plaintiffs also paid the total sum of $1,200 upon the principal note, likewise at the office of George Pickles. When plaintiffs paid the interest notes Pickles would deliver to them the interest note then being paid. When payments were made upon the principal note Pickles would hand to plaintiffs a printed form of receipt showing the date of payment, the amount paid upon the principal and the principal then remaining due. No endorsement of payment on the principal note was made on the note itself at such times. The following is a schedule of the payments of principal and interest, showing the pro rata amount paid on interest, the amount paid on principal and the principal balance remaining due:

| Date of Payment | Interest Note No. | On Interest | On Principal | Principal Balance |
|---|---|---|---|---|
| April 12, 1948 | 1 | $125.00 | —— | $5000.00 |
| April 13, 1948 | – | —— | $336.26 | 4663.74 |
| Sept. 11, 1948 | 2 | 116.60 | —— | 4663.74 |
| Sept. 11, 1948 | – | —— | 300.00 | 4363.74 |
| Mar. 23, 1949 | 3 | 109.10 | —— | 4363.74 |
| Sept. 17, 1949 | 4 | 109.10 | —— | 4363.74 |
| Sept. 17, 1949 | – | —— | 363.74 | 4000.00 |
| Mar. 23, 1950 | 5 | 100.00 | —— | 4000.00 |
| Sept. 25, 1950 | 6 | 100.00 | —— | 4000.00 |
| Sept. 25, 1950 | – | —— | 200.00 | 3800.00 |

On February 9, 1949 defendant Mrs. J. C. Leber purchased the principal note and interest notes Nos. 4 to 10, inclusive, from George Pickles for the sum of $4,500. At that time George Pickles delivered to her the principal note, the interest notes then remaining unpaid and the deed of trust. The unpaid interest notes fell due 24, 30, 36, 42, 48 54 and 60 months, respectively, after September 22, 1947. She also received the certificate of title and an insurance policy for $5,000 expiring October 7, 1950. On February 9, 1949 each of the interest notes had been reduced pro rata from $125 to $112.50. Between September 22, 1947 and February 9, 1949 plaintiffs had paid George Pickles $636.26 on the principal note, leaving an unpaid balance of $4,363.74. Pickles did not disclose to Mrs. J. C. Leber these payments on account of principal at the time he sold her the note on February 9, 1949, and thereafter Pickles did not remit to Mr. and Mrs. J. C. Leber the two subsequent payments on the principal note made to him by plaintiffs, which, as of September 25, 1950, should have reduced the amount due on the principal note to $3,800 and the amounts due on the interest notes to $95. At the time Mrs. J. C. Leber purchased the note and deed of trust on February 9, 1949 George Pickles paid her $18.50 in cash, being the amount of unearned interest due on interest note No. 3 from the date of purchase to March 22, 1949, the due date of interest note No. 3. Thereafter and on September 19, 1949, three days before the next interest note was due, she took interest note No. 4 to the office of George Pickles and received $112.50 from him in the form of a check. On or about March 22, 1950 and again on or about September 22, 1950 Mrs. J. C. Leber took interest notes Nos. 5 and 6 to the office of George Pickles, and on each of these occasions received the sum of $112.50 in cash from George Pickles. Plaintiffs would come to the office of George Pickles to pay the interest notes and he would adjust them by making a pro rata reduction in ink thereupon according to the balance then due by reason of the payments made by plaintiffs on the principal note. At all times subsequent to February 9, 1949 Mrs. J. C. Leber

had possession of the principal note and of the unpaid interest notes as well as the deed of trust. These documents were not in the possession of George Pickles after Mrs. J. C. Leber purchased the notes and deed of trust on February 9, 1949. At the time of the payment of the 36th month interest note on September 25, 1950 plaintiffs renewed the insurance on the property in the amount of $3,800. The policy of insurance in that amount, issued under date of October 7, 1950, was not delivered to defendants Mr. and Mrs. J. C. Leber until after October 7, 1950. George Pickles died on October 17, 1950. On February 21, 1951, approximately one month prior to the time the 42nd month interest note fell due, Mrs. J. C. Leber communicated by letter with plaintiffs, disclosing to plaintiffs for the first time that she had bought the deed of trust from George Pickles, and stating that since the death of Mr. Pickles she had been informed by his business associate, William Robinson, that she "could do her own collecting." This was the first information that plaintiffs had that their note and deed of trust had been sold to the Lebers. Shortly before the interest note became due on March 22, 1951 plaintiffs tendered $95 in payment of the interest note. The Lebers refused to accept $95 in payment of the interest note then about to become due, claiming that the interest due was $112.50 on an unpaid principal balance of $4,500. Plaintiffs, considering that they owed interest only on a balance of $3,800, consulted a lawyer, Hon. Raleigh McCormick of Clayton, who wrote to Mrs. J. C. Leber asking for an explanation. Mrs. Leber replied, stating that George Pickles died on October 17, 1950; that she was doing her own collecting; that the loan was in the amount of $4,500 and the interest note was $112.50 and that she had paid George Pickles $4,500 for the deed of trust which she, and not Pickles, had held since the date of purchase. At all times during the controversy between plaintiffs and the defendants Leber, plaintiffs have tendered payment of $95 for interest note No. 7 upon a claimed principal balance of $3,800, and defendants Leber have continually refused to accept this amount, claiming that the principal balance

is $4,500 and that the amount due on interest note No. 7 is $112.50. Foreclosure proceedings were finally instituted by Mrs. J. C. Leber, following which this suit was filed on September 25, 1951. Thereafter the real estate was sold by plaintiffs and pursuant to an agreement between the parties the amount in dispute between plaintiffs and defendants ($700 principal and $52.50 interest) was deposited in the office of the circuit clerk, there to be impounded pending the final determination of the cause.

The chancellor found that Mrs. J. C. Leber paid $4,500 for the note but because of payments by plaintiffs on the principal sum the true balance due and owing at the time of the purchase of the note on February 9, 1949 was $4,363.74; that Mrs. J. C. Leber was obligated to determine the principal balance due at the time of her purchase of the note; that plaintiffs were liable to pay Mrs. J. C. Leber the sum of $4,363.74; that after February 9, 1949 George Pickles was the agent of Mrs. J. C. Leber to collect interest only and that all interest collected by him should by credited in favor of plaintiffs; that George Pickles was not the agent of Mrs. J. C. Leber to collect any payments on the principal note and that the sum of $563.74 collected by Pickles after February 9, 1949 should not be credited on the principal note; that Mrs. Leber has received payment of all of the principal note except $563.74 and interest in the sum of $33.47, or a total of $597.21. The court ordered that Mrs. J. C. Leber be paid the sum of $597.21; that the balance of $155.29 be delivered to plaintiffs; and made the injunction permanent forever restraining the foreclosure of the deed of trust.

Plaintiffs on this appeal claim the full sum of $700 plus interest, contending that George Pickles was the agent of defendant Mrs. J. C. Leber. The latter on her appeal likewise claims the full amount, asserting that there was no agency relationship between her and Pickles.

There is no evidence of direct authority given to Pickles by Mrs. Leber to collect the payments, either on the principal or interest notes, and it is not claimed that the agency is based upon direct authorization. Nor do plaintiffs rely upon agency by estoppel, which obviously would be unavailable to them since plaintiffs had no knowledge of the purchase of the notes by Mrs. Leber until after the death of George Pickles, as a result of which plaintiffs could not have been misled or deceived by appearances and could not have acted upon the faith of an assumed authority. Wheatley v. McRoberts, Mo.App., 157 S.W.2d 805.

Plaintiffs claim that there was an actual agency on the part of George Pickles not only to collect the interest notes, but also the principal note, by reason of a course of conduct from which a contract of agency may be implied, and admissions on the part of Mrs. Leber that George Pickles was acting as her collecting agent.

■ From the stipulated facts the trial court properly found the existence of agency with respect to the collection of the interest notes. After buying the notes Mrs. Leber made no effort personally to collect the interest notes as long as Pickles was living, but apparently relied upon him to do so. As an interest due date approached Mrs. Leber, who had possession of the interest notes, would take the particular note to the office of Pickles, deliver it to him, and receive the amount due thereon. Upon payment by plaintiffs of the amount due, Pickles would turn the paid note over to plaintiffs. This occurred on three occasions within a period of nearly twenty months. These facts, together with the further fact that upon the death of Pickles, Mrs. Leber for the first time notified plaintiffs of her ownership of the notes and demanded a payment of interest, stating that in view of the death of Pickles she was now doing her own collecting, establish an implied but none the less actual agency for the particular purpose of collecting the interest notes. The trial chancellor correctly ruled that plaintiffs are entitled to full credit for the amounts paid to Pickles for interest after February 9, 1949.

The stipulated facts do not, however, create the relationship of principal and agent with respect to the collection of payments on the principal note. The $4,-500 note was a negotiable instrument of such a character that plaintiffs were bound to have known that it could and probably would be negotiated and passed into the hands of a third party. As a consequence plaintiffs in making payments on this note should have ascertained that the person to whom payment was made either owned the note or had possession thereof for the purpose of collection. When the maker pays money on a note to one who does not have the note in his possession he pays at his peril and at the risk of being required to show that the payee was authorized to collect the payment as the agent of the owner. Plaintiffs, in making payments on the principal note, in order to fully protect their own interests, were obliged to see to it that endorsements of the payments were made thereon and could not rely on a receipt from Pickles for credit on the amounts thus paid, without laying themselves open to the charge of negligence should he fail to remit faithfully to the owner of the note. These rules have been established by a long line of decisions, which are based on the equitable doctrine that where one of two innocent parties must suffer, the loss must fall upon the one whose negligence caused the loss. Cummings v. Hurd, 49 Mo.App. 139; Hefferman v. Boteler, 87 Mo.App. 316; McDonald v. Smith, 201 Mo.App. 78, 206 S.W. 591; Brants v. Runnels, Mo.App., 26 S.W.2d 1004; Montbriand v. Scruggs, 226 Mo.App. 436, 46 S.W.2d 211; Bost v. McFarland, 229 Mo.App. 776, 81 S.W.2d 350; Kirksey v. White, Mo.App., 167 S.W. 2d 387.

Having failed to ascertain that George Pickles either owned the principal note or had the possession thereof for collection purposes, the burden is cast upon plaintiffs to show that George Pickles was authorized by Mrs. J. C. Leber to make the collections on the principal note for which they now claim credit. Brants v. Runnels, supra; McDonald v. Smith, supra. There is a complete failure to prove any facts from which such an agency may be implied. When Mrs. Leber bought the principal note she took possession of it, a possession which she did not relinquish to Pickles or to any other person for any purpose following its transfer. The note was not due until September 22, 1952 and there is nothing to indicate that she desired to collect the principal note or any part of it before maturity. Certainly she made no effort to collect the principal note personally. She did not directly authorize Pickles to do so. Nor did she do so by indirection. The record is a blank as to any dealings or communications between Mrs. Leber and Pickles at any time after February 9, 1949 with reference to the principal note. Nor was there any course of dealings between the two in which she had previously constituted him her agent or entrusted him with the collection of any other principal notes from which general authority might be implied. So far as the record shows the note involved here was the only principal note Mrs. Leber ever purchased through him. There was no error in the finding of the trial court that Pickles was not the agent of Mrs. Leber for the purpose of collecting the principal note.

Appellants Kraemer contend that the latter finding is inconsistent with the finding that an agency existed with regard to the collection of the interest notes, but there is no such inconsistency. It is established law that from the fact that a broker is authorized to collect interest for the owner of the note it does not follow that he has authority to collect the principal. Bost v. McFarland, supra; Montbriand v. Scruggs, supra; Brants v. Runnels, supra; McDonald v. Smith, supra; Thornhill v. Masucci, 202 Mo.App. 357, 216 S.W. 819; Hefferman v. Boteler, supra.

Appellants Kraemer have placed their reliance upon the cases of Steele v. Seaton, Mo.App., 248 S.W.2d 81; Wheatley v. McRoberts, supra; Luechtefeld v. Marglous, Mo.App., 176 S.W.2d 674; and Knickmeier v. Fleer, Mo.App., 185 S.W.2d 57. In each of these cases a similar question was posed to the court and in each of them it was

held that the counterpart to George Pickles in the instant case was an agent for the purpose of receiving payments due on notes. These four cases, however, are readily distinguishable on the facts. In the Steele case, supra, there was a written contract expressly authorizing the agent to make collections. In the Wheatley case, supra, the purchaser of the note had been dealing with the agent for a period of ten years prior to the date involved in the lawsuit. She had purchased many loans from the agent and at the time of the occurrence of the facts out of which the lawsuit over the $1,300 note arose the agent was in the process of collecting some $15,000 on various notes owned by her. The company would render a monthly accounting, collect and deposit for her, attend to cancellations, and check the matter of repairs on the properties. The long and complicated course of dealing disclosed in that case giving rise to the inference of implied authority to make collections, represents an altogether different situation from the mere transfer of one loan to Mrs. Leber in the single transaction with George Pickles. In the Luechtefeld case, supra, there was ample evidence that the owner of the notes had clothed another, one Voss, with apparent authority to negotiate the sale of promissory notes and deeds of trust. Agency by estoppel was clearly shown. This court applied the rule that where a principal engaged in the business of buying and selling securities knowingly permits his agent to assume authority to sell, deliver and collect for such securities or holds his agent out to the public or to the persons with whom he deals as possessing such authority, the principal will be bound by the agent's acts even though in fact no such authority was given. In the Knickmeier case, supra, the owner of the loan papers, at the agent's request, endorsed the notes in blank and delivered them to the agent for collection and credit to the owner's account, thus clothing the agent with all of the evidences of ownership, and expressly authorizing the agent to act. In all of the cases cited by appellants Kraemer there was substantial evidence clearly showing the existence of express authorization, or

of facts clearly creating an estoppel to deny agency, or in which an agency was necessarily to be implied from an established course of dealings. The authorities cited, while announcing undoubted law in their particular factual situations, clearly are inapplicable here.

The remaining question for determination is the propriety of the finding of the trial court that Mrs. Leber was not entitled to collect $4,500 as the principal balance of the note, but that only $4,363.74 was due her, as a result of the payment by plaintiffs to George Pickles of the sum of $636.26 prior to the date Mrs. Leber purchased the notes. On the latter date, February 9, 1949, the principal note showed a balance due of $4,500, the note carrying an endorsement of the payment of $500 on the principal. Mrs. Leber, a holder in due course under Section 401.052 RSMo 1949, V.A.M.S., held the instrument free from defenses available to prior parties among themselves and could enforce payment of the instrument against all parties liable thereon for the full balance shown by the instrument to be due. Section 401.057 RS Mo 1949, V.A.M.S. Unendorsed payments to the payee would constitute no defense against Mrs. Leber, a holder in due course, in the absence of a showing that she knew that such payments had been made, Goodfellow v. Stillwell, 73 Mo. 17; Grant v. Kidwell, 30 Mo. 455, so that, contrary to the finding of the chancellor, the full $4,500 was due upon the note.

For the reason given it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded to the circuit court with directions to enter a judgment giving plaintiffs credit for all payments made on account of the interest notes but not giving them credit for payments made on the principal note, the computations to be made upon the basis of the liability of plaintiffs to pay Mrs. J. C. Leber the sum of $4,500 on the principal note.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the Court.

The judgment of the circuit court is, accordingly, reversed and the cause remanded with directions to enter judgment consistent with the views expressed in the opinion of the court.

ANDERSON, P. J., and BENNICK, J., and BROADDUS, Special Judge, concur.