**NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent for Zionic Federal Credit Union, Plaintiff,**

v.

**David M.A. METZLER, Defendant.**

**No. 85–0039–C–(C).**

United States District Court,
E.D. Missouri, E.D.

Jan. 17, 1986.

---

Gary Feder and Lee Kline, St. Louis, Mo., for plaintiff.

Robert Morse, Overland Park, Kan., for defendant.

## FINDINGS OF FACT & CONCLUSIONS OF LAW

MEREDITH, Senior District Judge.

Prior to trial, the parties made the following stipulations:

1. The National Credit Union Administration is an agency of the United States government and plaintiff, the National Credit Union Administration Board (NCUAB) manages said agency.

2. On June 6, 1984, Zionic Federal Credit Union was found to be insolvent and placed in involuntary liquidation; the NCUAB appointed itself as liquidating agent for Zionic.

3. On September 20, 1983, defendant made and delivered to Zionic a written promissory note for $10,000.

4. On September 23, 1983, defendant made and delivered to Zionic a written promissory note for $10,000.

5. On November 16, 1983, defendant made and delivered to Zionic a written promissory note for $8,000.

After consideration of the pleadings, the testimony, depositions and exhibits introduced at trial, the credibility of the witnesses, the parties' supplemental briefs, and the applicable law, the Court makes the following findings of fact and conclusions of law, considering the above stipulations as incorporated thereto. Any finding of fact equally applicable as a conclusion of law is adopted as such, and conversely, any conclusion of law equally applicable as a finding of fact is adopted as such.

### Findings of Fact

1. Zionic was a federally chartered credit union with its principal place of business in St. Louis, Missouri.

2. The present claim arose in the Eastern Division of the Eastern District of Missouri because payments on the notes were to be made at the offices of Zionic located in this Division.

3. Defendant made two payments to Zionic on the notes, the first for $1,823.32 and the second for $7,266.41.

4. National Stewardship Corporation (National Stewardship) is a Missouri corporation.

5. Kyle Conway was an officer and director of National Stewardship.

6. Defendant made three payments of $1,823.32, $8,190.00, and $8,962.72 to National Stewardship or Kyle Conway.

7. Defendant asserts payment as an affirmative defense pursuant to Rule 8(c) of the Federal Rules of Civil Procedure.

8. Zionic and National Stewardship were separate entities.

9. On the first $10,000 promissory note, plaintiff seeks $8,181.97 plus interest from April 23, 1984.

10. On the second $10,000 promissory note, plaintiff seeks $8,169.47 plus interest from April 23, 1984.

11. On the $8,000 promissory note, plaintiff seeks $1,473.32 plus interest from November 11, 1985.

12. Plaintiff also seeks reasonable attorneys' fees and costs.

### Conclusions of Law

1. After finding Zionic insolvent, the NCUAB had the authority to appoint itself liquidating agent for Zionic. 12 U.S.C. § 1787(a)(1) (1982).

2. As liquidating agent, the NCUAB had the power to sue in its own name, or in Zionic's name, and to collect any debts owed to Zionic. 12 U.S.C. § 1766(b)(3)(A) (1982).

3. Any civil suit to which the NCUAB is a party is deemed to arise under the laws of the United States, and the United States district courts have original jurisdiction. 12 U.S.C. § 1789(a)(2) (1982).

4. A federal court sitting in a non-diversity case may give state law highly persuasive effect. *See* Justice Jackson's concurring opinion in *D'Oench, Duhme & Co. v. F.D.I.C.*, 315 U.S. 447, 471, 62 S.Ct. 676, 686, 86 L.Ed. 956 (1942), *reh'g denied*, 315 U.S. 830, 62 S.Ct. 910, 86 L.Ed. 1224 (1942).

5. The party that seeks to invoke the affirmative defense of payment has the burden of proving it. *Federal Deposit Ins. Corp. v. Waldron*, 630 F.2d 239, 241 (4th Cir.1980); *Desjardins v. Desjardins*, 308 F.2d 111, 116 (6th Cir.1962); *Current News Features v. Pulitzer Pub. Co.*, 81 F.2d 288, 290–91 (8th Cir.1936); *Hubbard v. Happel's Estate*, 382 S.W.2d 416, 424 (Mo.Ct. App.1964).

6. The maker of a promissory note pays a party without possession of the note at the maker's risk. *Bost v. McFarland*, 229 Mo.App. 776, 81 S.W.2d 350, 353 (1935); *Pulitzer Pub. Co. v. Current News Features*, 94 F.2d 682, 686 (8th Cir.1938), *cert. denied*, 304 U.S. 570, 58 S.Ct. 1040, 82 L.Ed. 1535 (1938).

7. Paying the wrong party does not discharge the obligation of the promissory note. *Whitehead v. American Security and Trust Company*, 285 F.2d 282, 284 (D.C.Cir.1960).

8. Defendant has not proved that Kyle Conway or National Stewardship are agents of Zionic.[1]

9. Accordingly, plaintiff is entitled to the relief prayed for and judgment will be entered in the amount of $17,824.76 on the notes plus interest at the rate of 15% per annum from April 23, 1984 on the balance of the two $10,000 notes ($8,181.97 and $8,169.47 respectively) and from June 28, 1984 on the balance of the $8,000 note ($1,473.32) until the date of judgment, and 7.57% from the date of judgment, plus reasonable attorneys' fees and costs.

---

1. If Conway or National Stewardship were agents of Zionic, the requirements of 12 U.S.C. § 1787(i)(2) (1982) and § 1788(a)(3) (1982) would have to be met.