Vernon D. BURKHART, Joyce I. Burkhart, and Bob Smith, Plaintiffs-Respondents,

v.

GRAVEN REALTY, INC., Defendant-Appellant.

No. 12220.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 10, 1982.

Motion for Rehearing and to Transfer to Supreme Court Denied Sept. 1, 1982.

John E. Price, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, Wade & Haden, Ava, for defendant-appellant.

B. H. Clampett, Charles F. Kiefer, Jr., Daniel, Clampett, Rittershouse, Dalton & Powell, Springfield, H. Lynn Henry, Henry, Henry & Henry, P. C., West Plains, for plaintiffs-respondents.

MAUS, Chief Judge.

This action originated in a petition by which the plaintiffs sought to recover actual and punitive damages by reason of the defendant's conversion of the check of a third party payable to the plaintiffs and the defendant. As a foundation for that recovery the petition in substance alleged that: plaintiffs Burkhart gave plaintiff Smith the exclusive right to sell property owned by them; plaintiff Smith sold that property; the lending agency involved issued its check payable to the four parties for $12,250 which was the commission due plaintiff Smith; the defendant had no interest in that check but obtained possession thereof and refused to return the same to plaintiffs; and "thereby has attempted to convert said check to its own ownership." To this the defendant filed a counterclaim alleging the plaintiffs Burkhart employed the defendant to sell the property for a commission of 10 percent and that it sold the property. The counterclaim prayed for a declaration of rights and for a judgment for $12,250.

The uncontradicted evidence established the following general facts. Plaintiffs Burkhart, who were salesmen under broker Smith, executed a document the plaintiffs contended gave Smith the exclusive right to sell the property for a commission of 10 percent.

In September 1978 the ultimate buyers contacted an office of the defendant and expressed their desire to purchase a home having the unique attributes of the Burkhart property. That property was not then listed with the defendant. However, with the permission of Joyce Burkhart, an agent of the defendant showed the property to the prospective buyers. Their initial contact was followed by several months of negotiations. For the most part these negotiations were conducted through an agent of the defendant. There was limited contact between the buyers and plaintiff Smith.

Ultimately a contract of sale prepared by plaintiffs Burkhart was signed by them and the buyers. A clause in this contract provided that a real estate commission of 10 percent would be divided between plaintiff Smith and the defendant. The defendant did not execute this agreement. However, the defendant, through the agent referred to and its president, participated in closing the sale under that contract.

The sale was consummated in the office of a lending agency. As stated, a separate check of the lending agency in the amount of $12,250, 10 percent of the sale price, was issued in the names of the Burkharts, Smith, and the defendant. The check was

endorsed by the Burkharts. The officer of the lending agency, pursuant to a demand by the defendant, then handed the check to the president of the defendant. The president then left with the check, telling plaintiff Smith he could get his commission from the Burkharts. There was no evidence the check was ever cashed. The agent of the defendant testified Joyce Burkhart had orally agreed to pay the defendant a commission of 10 percent if the defendant procured a buyer. Joyce Burkhart denied this agreement. It was the position of the plaintiffs that the defendant was an agent for the buyers and entitled to no commission from the Burkharts. The division of the commission was tendered in settlement of the dispute that had developed. There was evidence the Burkharts were entitled to one-fourth of Smith's 10 percent commission for listing the property with him.

One verdict-directing instruction authorized a verdict for plaintiff Smith if the jury found: Smith on the day of closing was the owner of the check and had the right to possession thereof; the defendant took the check with the intent to exercise control over it inconsistent with the rights of the plaintiff; upon demand the defendant refused to return the check; and as a result thereof plaintiff Smith was damaged.

Another instruction authorized a verdict for the Burkharts upon similar findings. The defendant submitted its counterclaim only against the Burkharts. The defendant's verdict-directing instruction was patterned upon MAI 29.02. It authorized a verdict for the defendant upon a finding of an agreement for a commission between the Burkharts and the defendant.

The jury returned a verdict in favor of plaintiff Smith for actual and punitive damages and interest totaling $12,250. The jury found against the plaintiffs Burkhart. The jury also found against the defendant upon its counterclaim. Judgments were entered in accordance therewith. The defendant appeals.

The defendant's brief presents four points relied upon. The first questions the sufficiency of the evidence to make a sub-

missible case for plaintiff Smith. The next two assign error in the plaintiffs' instructions. The last deals with the refusal of evidence offered by the defendant in mitigation of the plaintiffs' damages.

■ Plaintiff Smith's verdict-directing instruction authorized a verdict for him if the jury found he was the owner of the check. The check was issued pursuant to an agreement that the 10 percent commission would be divided between plaintiff Smith and defendant. Plaintiff Smith and the defendant, along with the Burkharts, were all payees. It is obvious plaintiff Smith was not the sole owner of that check. It is equally obvious that it was prejudicial error to authorize a verdict upon the hypothesization of a cause of action not supported by the evidence. *Stotler v. Bollinger,* 501 S.W.2d 558 (Mo.App.1973).

While there is no doubt but what a check may be the subject of conversion, *Good Roads Machinery Co. v. Broadway Bank,* 267 S.W. 40 (Mo.App.1924), it must be observed the case of plaintiff Smith is subject to another infirmity. It is not necessary to fully develop under what circumstances one co-payee may recover against another co-payee for the conversion of a check. See *Aragon v. General Electric Corporation,* 89 N.M. 723, 557 P.2d 572 (App.1976); 20 Am. Jur.2d Cotenancy and Joint Ownership § 85 (1965). Nor is it necessary to explore how a check may be converted without being cashed. The check was issued to two or more persons not in the alternative. It was therefore payable to all of them and could be negotiated, discharged or enforced only by all of them. § 400.3–116. Neither plaintiff Smith nor plaintiffs Burkhart were entitled to compel the defendant to surrender its claim for a full 10 percent commission. The check was issued under circumstances which could arguably cause the defendant's endorsement to surrender or at least jeopardize that claim. Even though that claim was eventually rejected by the jury, the defendant was under no obligation to impair that claim by endorsement of the check. The failure of the defendant to deliver an unendorsed check to

plaintiff Smith resulted in no damage. 89 C.J.S. Trover and Conversion § 33 (1974).

Further, plaintiff Smith's case was based upon the proposition he was entitled to possession of the check. "The general rule is that a tenant in common who has actual possession of indivisible personalty not susceptible of joint and equal possession may retain possession to the exclusion of his cotenant or cotenants." *Nye v. James,* 373 S.W.2d 655, 659 (Mo.App.1963). "[A]n action for conversion will not ordinarily lie merely because one co-owner of a chattel refuses to surrender it to another . . . ." 20 Am.Jur.2d Cotenancy and Joint Ownership § 86 (1965). Plaintiff Smith has not demonstrated these general rules were applicable to the defendant's possession of the check.

In suggestions in opposition to a motion to dismiss this appeal the defendant contends that if the judgment in favor of plaintiff Smith is reversed the same is true of the adverse judgment upon its counterclaim. All of the defendant's "points relied on" were directed to the judgment in favor of plaintiff Smith and not the adverse judgment on its counterclaim. See *Vinson v. East Texas Motor Freight Lines,* 280 S.W.2d 124 (Mo.1955). The Burkharts could have owed a 10 percent commission to both plaintiff Smith and defendant. A finding that Smith was the owner of the check, unsupported by the evidence, did not taint the jury's clear determination that there was no agreement between the Burkharts and defendant. "No new trial shall be ordered as to issues in which no error appears." Rule 84.14. *Saveway Oil Co. v. Sears Roebuck & Co.,* 560 S.W.2d 325 (Mo.App.1977). The claim of Smith against the defendant was not so interrelated with the counterclaim of defendant against the Burkharts as to require reversal of the judgment denying the counterclaim. *Portell v. Pevely Dairy Company,* 388 S.W.2d 790 (Mo.1965); *Vinson v. East Texas Motor Freight Lines,* supra.

The court may enter such judgment as should be entered by the trial court. Rule 84.14. The judgment in favor of plaintiff Smith is reversed and judgment is entered against plaintiff Smith and in favor of defendant upon the petition. The judgment against plaintiffs Burkhart and in favor of defendant upon the petition is affirmed. The judgment against the defendant and in favor of plaintiffs Burkhart upon the counterclaim is affirmed. The costs in the trial court are assessed one-half against plaintiffs and one-half against defendant. The costs on appeal are assessed against plaintiff Smith.

PREWITT, P. J., and HOGAN and BILLINGS, JJ., concur.