Vernon D. **BURKHART** and Joyce I. Burkhart, his wife, and Bob Smith, d/b/a West Plains Realty, Plaintiffs-Respondents,

v.

**GRAVEN REALTY, INC.,**
Defendant-Appellant.

No. 13775.

Missouri Court of Appeals,
Southern District,
Division Two.

June 27, 1985.

Motion for Rehearing and to Transfer
Denied July 19, 1985.

Harold F. Glass, Tom G. Pyle, Schroff, Glass & Newberry, Springfield, for defendant-appellant.

H. Lynn Henry, Henry, Henry & Henry, West Plains, for plaintiffs-respondents.

MAUS, Judge.

In this action, plaintiff Bob Smith initially recovered a judgment against defendant Graven Realty, Inc. (Graven) for $12,250. Upon appeal to this court, that judgment was reversed. Defendant Graven now appeals from the denial of its "Motion for Restitution." A detailed statement of the factual background may be found in *Burkhart v. Graven Realty, Inc.*, 639 S.W.2d 217 (Mo.App.1982). However, for the disposition of the present appeal, the following summary is sufficient.

Plaintiffs Burkhart listed a tract of real property for sale with broker plaintiff Smith. Later, Graven introduced a prospective buyer to the Burkharts. Ultimately, plaintiffs Burkhart entered into a contract for the sale of the listed real property to the prospective buyer. During the period of negotiations, Graven asserted a claim for a commission by reason of its activity in connection with the sale. In an effort to settle that claim, plaintiff Smith was agreeable to dividing the 10 percent real estate commission. The contract of sale between the Burkharts and the buyer so provided. However, Graven did not sign that agreement. There was no evidence it agreed to such a settlement.

Upon closing, the lending agency involved issued its check for the 10 percent commission in the amount of $12,250. It was payable to the sellers Burkharts, plaintiff Smith and Graven. Sellers Burkharts endorsed the check. Graven then took the check and left the closing. Graven told plaintiff Smith he could get his commission from the Burkharts. As stated, in this action, plaintiff Smith recovered a judgment against Graven upon the basis of the conversion of the check. For the reasons stated in the first opinion in this cause, that judgment was reversed.

Subsequent to that reversal, Graven filed its motion for restitution. The motion recited the rendition of the judgment for $12,250 and its reversal. It then alleged that pending the appeal, the lending agency issued a check to the plaintiff Smith for $12,250 and that plaintiff Smith had failed and refused to tender one-half the proceeds of that check to defendant Graven. It further alleged that thereby Smith received money pursuant to a judgment which was reversed on appeal. Graven then prayed for restitution in the amount of $6,125. The motion was denied by the trial court without an evidentiary hearing.

Graven's claim that the trial court erred is based upon two contentions. The first is that this court "found 'as a fact' that Smith and Graven were each entitled to one-half of the ten percent (10%) sales commission." The second contention is that Graven is entitled to restitution under the doctrine enunciated in *De Mayo v. Lyons*, 360 Mo. 512, 228 S.W.2d 691 (1950).

■ To support its first contention, Graven quotes that part of the prior opinion which reads: "The check was issued pursuant to an agreement that the 10 percent commission would be divided between plaintiff Smith and defendant." *Burkhart v. Graven Realty, Inc.*, supra, at p. 219. As quoted, that phrase is used entirely out of its context in the opinion. That use distorts its meaning. In the prior opinion, the statement referred to the contract of sale. It was made by way of an explanation of why Graven's name was placed upon the first check. Obviously, Graven was not a party to that agreement. There was no evidence that Graven ever assented to such a division or sought recovery under the terms of the contract of sale. Instead, Graven submitted a counter-claim against the Burkharts for a real estate commission of 10 percent based upon an alleged agreement with the Burkharts. The jury found against Graven upon its asserted claim for a commission. This court did not find that Graven was entitled to one-half of the real estate commission. Instead, this court said: "A finding that Smith was the owner of the check, unsupported by the evidence, did not taint the jury's clear determination that there was no agreement between the Burkharts and defendant." *Burkhart v.*

*Graven Realty, Inc.,* supra, at p. 220. Graven's first contention has no foundation.

Graven next sets forth the following quotation:

The general rule is that, upon reversal of a judgment against him, the appellant is entitled to restitution from the respondent of all benefits acquired under the erroneous judgment during the pendency of an appeal. This rule has been followed in Missouri in many decisions.... The right to restitution exists even though it is not expressly ordered by the appellate court upon the reversal of an erroneous judgment and a motion for restitution is a proper method of obtaining such relief in the trial court.

*De Mayo v. Lyons,* supra, at pp. 692–693 (citations omitted). The doctrine of restitution upon reversal of a judgment has been examined in the following cases. *State ex rel. State Highway Com'n v. Morganstein,* 588 S.W.2d 472 (Mo. banc 1979); *State ex rel. Abeille Fire Ins. Co. v. Sevier,* 335 Mo. 269, 73 S.W.2d 361 (banc 1934), cert. denied, 293 U.S. 585, 55 S.Ct. 99, 79 L.Ed. 680 (1935); *De Mayo v. Lyons,* supra; *In re Marriage of Cook,* 663 S.W.2d 789 (Mo. App.1984); *Lancaster v. Simmons,* 621 S.W.2d 935 (Mo.App.1981); *Shepherd v. Wommack,* 257 S.W.2d 172 (Mo.App.1953). That doctrine need not be extensively restated herein. It is sufficient to note the motion specifically states that plaintiff Smith received $12,250 from the lending agency. It does not allege facts showing that plaintiff Smith received any money or benefit under the prior judgment within the meaning of the doctrine of restitution enunciated in the foregoing case. While there may be exceptions to the rule, this case is controlled by the following statement. "No funds or other property had been sequestered, exchanged or otherwise passed from defendant to the plaintiff pending the case, which would be the subject of restitution...." *Shepherd v. Wommack,* supra, at p. 175. Also see 5B C.J.S. Appeal & Error § 1981 (1973). Graven's second contention is also without merit.

 This court did not upon reversal of the initial judgment remand the case. It entered a judgment finally disposing of the case as authorized by Rule 84.14. As stated, Graven's motion did not state a basis for further proceedings in this cause in the trial court. It would have been properly dismissed or stricken. The trial court acquired no jurisdiction by virtue of that motion. This court acquired no jurisdiction on appeal. *Warner v. Warner,* 658 S.W.2d 81 (Mo.App.1983). The appeal is dismissed.

PREWITT, C.J., and CROW, J., concur.

HOGAN, P.J., recused.