**Jo TEDESCO, Norman E. Koelling, Jr., Donna L. Koelling, and West Central Financial Corporation, Plaintiffs–Respondents,**

v.

**Vladimir O. BEKKER, Nina D. Bekker, James J. Kirchoff and Carol J. Kirchoff, Defendants–Appellants.**

No. 52996.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 29, 1987.

Blemenfeld, Sandweiss, Marx, Tureen, Ponfil & Kaskowitz, P.C., Mark A. Brittingham, St. Louis, for defendants-appellants.

Dan LaGear, St. Louis, for plaintiffs-respondents.

PUDLOWSKI, Judge.

This is an action to determine whether respondents' payment to Creative Funding, Inc. [hereinafter CFI] of the balance on a promissory note owned by appellants, Vladimir and Nina Bekker, Trustees for Simon Bekker, satisfied all indebtedness to the appellants and required the appellants to release the deed of trust on certain realty secured by the note. The trial court found that CFI was the agent for the appellants and had express authority to collect the payment. We affirm.

In April 1985, CFI arranged an investment for appellants, who thereby loaned $27,000 to Louise Daniels as evidenced by an appropriate promissory note. The note was secured by a first deed of trust on real estate located at 4171 Shaw Avenue in the City of St. Louis, and the deed was properly recorded on May 21, 1985.

The appellants executed a Management Agreement with CFI. It provided that CFI "was appointed as exclusive agent to manage said loan for Lender," and that CFI "shall use all reasonable efforts to collect all funds due under the terms of said Note and Deed of Trust." In May, June, July and August, appellants received the monthly payments from CFI as agreed.

The promissory note provided for interest at the rate of 16.75 percent per annum. The appellants were to receive 14.13 percent per annum; the difference represented the servicing fee charged by CFI. In

addition, the note required a balloon payment of the principal amount in three years. Also included in the body of the note are the following provisions:

> Any unpaid balance may be paid without penalty, and any unearned finance charge will be refunded pro rata.... If default be made in the payment of any said debt when due, or in the event said real estate is conveyed or transferred, or should default be made in the performance of any covenant or agreement contained in the Deed of Trust given to secure this indebtedness, Lender, at its option, may declare all unpaid indebtedness evidenced by this Note and by said Deed of Trust immediately due and payable, and, thereupon, the undersigned agree to pay all costs of collection, including a reasonable attorney's fee. Failure at times to exercise such option shall not constitute a waiver of the right to exercise it later.

On June 3, 1985, CFI entered into an installment sales contract with respondents Tedesco and Koelling who had agreed to purchase the property. Although appellants had been told that there was a possibility that the property might be sold, they were not informed of the actual agreement.

The installment sales contract provided that respondents Tedesco and Koelling need only make monthly interest payments of $541.48 to CFI for three years until the principal became due. Tedesco and Koelling secured a loan from respondent West Central Financial Corporation [hereinafter "West Central"] to pay off the sales contract. West Central, Tedesco and Koelling were all aware of appellants' deed of trust prior to the closing, but West Central did not request that CFI provide appropriate documentation to release the appellants' deed of trust until it had remitted the purchase price. At that time, West Central requested that CFI send a recorded release of mortgage in return.

CFI never provided an appropriate release of the appellants' deed of trust nor did it distribute any proceeds to the appellants. Thus the appellants did not learn of the sale of the property until CFI filed for bankruptcy on October 3, 1985.

The bankruptcy court declined to decide the validity of the appellants' deed of trust; therefore, the appellants declared the loan in default and initiated foreclosure proceedings. The respondents filed suit in the Circuit Court of the City of St. Louis to enjoin the foreclosure and have the court determine the status of the property.

On September 23, 1986, the trial court found that West Central's payment to CFI fully satisfied the indebtedness to the appellants and that their deed of trust no longer constituted a valid and enforceable lien on the property. In addition, the court ordered that appellants pay respondents a penalty of ten percent of the value of their deed of trust ($2,700) pursuant to Section 443.130, RSMo 1986. A request by respondents for attorney's fees was denied.

■ Appellants assert that the trial court erred in holding that appellants' deed of trust was no longer valid and that they had no right, title or interest in the property. They argue first that respondents' payment to CFI did not discharge the indebtedness to appellants because the respondents acted negligently in failing to obtain a deed of release or other appropriate documentation at the time of their payment to CFI. The general rule applicable to this case is well established. When money is paid to one who is not in possession of a note and endorsement of that payment is not made on the note, the payor exposes himself to the charge of negligence should the owner of the note fail to receive the payment from the collector. *Kraemer v. Leber*, 267 S.W. 2d 333, 338 (Mo.App.1954). This rule is based on the equitable doctrine that when the loss must fall upon one of two innocent parties, the party whose negligence caused the loss must suffer the results. *Id.* There is an exception to the rule, however. If the payor can show that the one to whom he paid the money stood in the position of agent to the owner of the note, he is entitled to the benefit of the payment.

*Steele v. Seaton,* 248 S.W.2d 81, 83 (Mo. App.1952).

■ It is the question of agency, addressed in appellants' second point, that is the dispositive issue in this appeal. Appellants contend that CFI's authority was limited to collecting only the monthly interest payments as they came due.

[A]uthority to collect money when due does not in itself imply authority to collect money before it is due. To hold otherwise would be to give the agent power to alter the terms of the contract, and that the agent should not be allowed to do under constructive authority. Such authority should carry with it power to collect only at the time nominated in the instrument.

*Hamilton v. Hecht,* 283 S.W.2d 894, 900 (Mo.App.1955) (quoting *O'Connell v. Reuter,* 178 S.W.2d 464, 469 (Mo.App.1944)).

■ However, this is not a case of constructive authority. By the terms of the promissory note itself, consent of the lender is not required for the prepayment of any unpaid balance. In the present case the trial court relied on the language of the promissory note and the Management Agreement to find that CFI had actual authority to collect both principal and interest on behalf of the appellants. The existence of an agency relationship is a question of fact for the trier of facts. *Labor Discount Center, Inc. v. State Bank & Trust Co.,* 526 S.W.2d 407, 423 (Mo.App.1975). Rule 73.01 requires that this court affirm the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We find no error in the case at bar. The note provides for prepayment of the unpaid balance without penalty or consent of the appellants. Appellants gave CFI the authority to manage the loan and to collect all funds due under the terms of the note. Express authority to receive prepayment of the principal is evident from the face of the documents; therefore, payment by West Central to CFI on September 9, 1986, in the amount of $40,237.28 fully satisfied the note owned by the appellants. There is no need to reach the issue of implied agency to accept principal prepayments when express authority is found in the contract.

■ Appellants final contention is that the trial court erred in finding appellants liable for a ten percent statutory penalty pursuant to Section 443.130, RSMo 1986. West Central's payment to CFI was the same as payment to appellants due to the express authority granted to CFI to collect the payments. In addition, West Central requested a deed of release from both CFI and appellants. The requirements of the statute having been met, appellants' refusal to release their deed of trust was a violation of the statute. The judgment of the trial court is affirmed.

STEPHAN, P.J. and DOWD, J., concur.