Dean SOOTER and Dorothy Sooter, Plaintiffs–Appellants,

v.

MAGIC LANTERN, INC., Defendant–Respondent.

No. 15938.

Missouri Court of Appeals, Southern District, Division One.

May 30, 1989.

---

Albert Crump, Jr., Williams, Robinson, Turley, Crump & White, Rolla, for plaintiffs-appellants.

Roger Andrew Carnahan, Carnahan, Carnahan & Hickle, Rolla, for defendant-respondent.

HOLSTEIN, Chief Judge.

Plaintiffs Dean Sooter and his wife, Dorothy Sooter, filed suit based on a promissory note of Magic Lantern, Inc. The note was in the principal sum of $16,000. Following a jury trial, judgment was entered in favor of plaintiffs in the sum of $2,191.35 principal, $666.54 interest, and $2,000 for the cost of collection. The plaintiffs appeal.

Two points are raised on appeal. The first point is that the trial court erred in

giving an instruction which submitted the defense of lack of consideration to the jury. In their second point, plaintiffs allege that the trial court erred in overruling plaintiffs' motion in limine and motion for judgment notwithstanding the verdict because defendant offered evidence of a $10,426.50 payment made payable to Dean Sooter only, which evidence, plaintiffs argue, should not have been considered by the jury.

The defendant corporation was formed in 1979 by Dean Sooter, Wade Dillon, and Wayne Dillon. Sooter provided $24,000 and the Dillons each provided $12,000 of initial operating capital. Although these monies were carried on the company books as loans, there is nothing in the record which indicates that the corporation authorized the borrowing of such money from the shareholders or that any officer of the corporation executed a promissory note for these loans prior to 1982. According to Sooter, he received an $8,000 payment sometime after 1979, and each of the Dillons received a $4,000 payment.

On September 1, 1982, plaintiffs and defendant corporation executed a stock purchase agreement in which the corporation contracted to purchase all shares in the name of the Sooters for $168,000. On the same day, in a transaction separate from the stock purchase agreement, Magic Lantern executed a promissory note payable to plaintiffs in the sum of $16,000. On September 2, 1982, plaintiff Dean Sooter appeared at the corporate office and, after engaging in a discussion with the Dillons, was given a check for $10,426.50. According to Dean Sooter, he accepted the check in payment of other obligations he claimed were owed him by the corporation and did not credit the payment to the $16,000 note or to the stock purchase agreement indebtedness. However, in the corporate accounts, the payment was applied to the $16,000 note.

Except for signing documents, there was no evidence that Dorothy Sooter participated in any of the transactions. She joined in answering an interrogatory requesting whether the plaintiffs had received the $10,426.50 payment by stating, "We received approximately $10,000.00 in September, 1982 by Defendant's check." Dean Sooter acknowledged that from 1983 until 1986, he received two payments of $2,080 each and two payments of $500 each, which he credited as interest on the note. Each such payment was made by a check payable to Dean Sooter only. The evidence also indicated that other obligations payable jointly to the plaintiffs were paid by checks written to Dean Sooter alone.

According to calculations performed by Larry Gray, a certified public accountant who testified on behalf of defendant, after deducting the payments acknowledged by Sooter and the contested payment of $10,426.50, the balance due plaintiffs was $2,857.89. That figure coincided precisely with the amount of principal and interest found owing to plaintiffs by the jury.

The argument under plaintiffs' first point is that the promissory note was for an antecedent debt owing by the corporation to plaintiffs, and the defenses of want or failure of consideration are not available if the holder of a note received it in payment of an antecedent obligation. § 400.3–408.[1] Plaintiffs argue that the court erred in giving an instruction on the defense of lack of consideration. The absence of any evidence that any loans from shareholders were authorized by the board of directors or any officer of the corporation makes suspect plaintiffs' contention that Sooter's initial capital investment was an antecedent debt owing by the corporation. However, we need not decide whether the court erred in giving the instruction on lack of consideration.

 The instruction given was not a Missouri Approved Instruction. The form instructions, when applicable, must be used and failure to do so is error, the prejudicial effect of which is to be judicially deter-

---

**1.** References to statutes are to RSMo 1986, and rule references are to Missouri Rules of Court

(20th ed.1989).

mined. *Hudson v. Carr*, 668 S.W.2d 68, 71 (Mo. banc 1984); Rule 70.02(b) and (c). There is no approved instruction on the defense of lack of consideration. Since there is no applicable MAI, any error in the instruction is not presumptively prejudicial as it would be if the instruction had deviated from an applicable MAI instruction, and the burden of showing prejudice is on the plaintiffs. *Douglas v. Hoeh*, 595 S.W.2d 434, 438 (Mo.App.1980).

■ The defense of lack of consideration was rejected by the jury. The plaintiffs are in no position to claim an alleged error in an instruction submitting the defense of lack of consideration because the verdict and judgment were in favor of plaintiffs. *Crystal Tire Co. v. Home Service Oil Co.*, 525 S.W.2d 317, 322 (Mo. banc 1975). The error, if any, in submitting the instruction was not shown to be prejudicial.

■ Plaintiffs' second point consists of two parts. The first part charges that the trial court erroneously overruled a motion in limine in which plaintiffs sought to exclude evidence of payments made to only one of the two named payees of the note. A motion in limine is interlocutory in nature, and it is necessary to lodge a specific objection during trial to the introduction of evidence comprising the basis of the motion. *Jones v. Jones*, 661 S.W.2d 817, 818 (Mo.App.1983). No objection was made when the evidence was presented. Having failed to object, plaintiffs failed to preserve the error asserted for consideration on appeal.

■ The second part of plaintiffs' second point asserts the trial court should have sustained their motion for judgment notwithstanding the verdict or for new trial because, as a matter of law, the defendant is not entitled to credit for payments made solely to Mr. Sooter. In ruling on a motion for judgment notwithstanding the verdict or, in the alternative, for new trial, all evidence and inferences therefrom are considered in a light most favorable to the verdict. *Bayne v. Jenkins*, 593 S.W.2d 519, 521 (Mo. banc 1980); *Luyties Pharmacal Co. v. Frederic Co., Inc.*, 716 S.W.2d 831, 833 (Mo.App.1986).

Plaintiffs' argument asserts that "[a] check issued in payment of a debt held by two or more persons, not in the alternative, must be payable to all of them to effectively discharge the obligation." In support of this rule, they cite § 400.3–116 and *Burkhart v. Graven Realty, Inc.*, 639 S.W.2d 217 (Mo.App.1982). The rule expressed in the argument is not found in either the case or the statute cited. *Burkhart* and § 400.3–116 simply say that an instrument which is jointly payable to two or more persons not in the alternative may be discharged only by all payees.

■ The general rule of contract law is that a payment to one of two joint obligees of a debt discharges the obligation of the obligor. *Hamrick v. Lasky*, 107 S.W.2d 201, 203 (Mo.App.1937). Prior to adoption of the Uniform Commercial Code, a payment to a husband on a promissory note in his possession, but payable to both husband and wife, discharged the obligation of the instrument. *McElroy v. Lynch*, 232 S.W.2d 507, 509 (Mo.1950). Plaintiffs argue that the general rule of contract law is modified by the U.C.C. in that, under the U.C.C. provisions, a payment delivered to only one obligee of a jointly payable negotiable instrument is insufficient to discharge the debt. Assuming, without deciding, that plaintiffs' position is correct, there are other reasons why defendant is entitled to be credited for the payments made.

■ The liability of the defendant corporation is discharged to the extent of its payment to the holders. § 400.3–603(1). While the rule is that a payor of a note exposes himself to double liability if he delivers his payment to someone other than the holder, there is an exception to the rule. "If the payor can show that the one to whom he paid the money stood in the position of agent to the owner of the note, he is entitled to the benefit of the payment." *Tedesco v. Bekker*, 741 S.W.2d 896, 898 (Mo.App.1987). The authority of an agent arises from a manifestation of consent by the principal, and the manifestation of consent may be "words or conduct, including acquiescence." Restatement (Second) of

Agency § 7 and comment c (1958). *See also Barton v. Snellson,* 735 S.W.2d 160, 162 (Mo.App.1987). Acquiescence by the principal in a series of acts by the agent indicates authorization to perform similar acts in the future. Restatement (Second) of Agency § 43(2). Even an unauthorized act of an agent may be affirmed by a principal who fails to repudiate the act after learning of it. *Compton v. Vaughan,* 222 S.W.2d 81, 83 (Mo.1949); *Wilks v. Stone,* 339 S.W.2d 590, 595 (Mo. App.1960). The existence of an agency relationship is for the trier of fact to determine. *Tedesco v. Bekker, supra.*

■ Dean Sooter collected all payments on the note in question, as well as other obligations owing jointly to the parties. Dorothy Sooter, by answer to interrogatories, acknowledged that in September of 1982 she received approximately $10,000. That payment was shown to be paid by check payable only to Dean Sooter. From such evidence, it is clear that she was aware of the payment being received by her husband. Of the two, only Dean Sooter was an active participant in demanding and receiving payments on the note. There was no evidence that Dorothy Sooter made any personal effort to collect on the note, and, although a party to the suit, she presented no evidence that she made any complaint regarding the payments being made to her husband. Under this evidence, the fact-finder could treat Dean Sooter as Dorothy's agent for the purpose of receiving and applying payments on the defendant's note. *See Kraemer v. Leber,* 267 S.W.2d 333, 337 (Mo.App.1954). Plaintiffs' second point is without merit.

The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.