STATE of Missouri, Plaintiff–Appellant,

v.

Robert L. EBERENZ, et al., Defendants–Respondents.

No. 58668.

Missouri Court of Appeals, Eastern District, Division One.

March 19, 1991.

George R. "Buzz" Westfall, Pros. Atty., G. Michael Archer, Asst. Pros. Atty., Clayton, for plaintiff-appellant.

Shaw, Howlett & Knappenberger, Joseph Howlett, Clayton, for defendants-respondents.

KAROHL, Judge.

The state appeals after dismissal of a statutory civil action for forfeiture of real and personal property allowed under the Criminal Activity Forfeiture Act [CAFA]. Section 513.600 et. seq. RSMo 1986. The trial court granted defendant's motion on the ground the petition for forfeiture was not filed within the time restraints set forth in § 513.607.5(2). The provisions of § 513.607.5(2) require a seizing authority to notify a prosecuting authority within three days of seizure "and the prosecuting attorney or attorney general *shall*, within five days after receiving notice of seizure, file a petition for forfeiture." (Our emphasis).

On May 31, 1990, the state filed a petition for forfeiture. Count I requests a finding certain real estate was used in the cause of criminal activity, gambling, and an order of forfeiture. The state does not allege a prior seizure. Counts II, III and IV allege a prior seizure on April 28, 1990, of various items of personal property and cash used in gambling activities. A petition "may be commenced before or after seizure of the property." Section 513.607.-3.

Defendants filed a motion to dismiss alleging the state had not filed the petition in compliance with § 513.607.5(2). The motion is expressly authorized by the provisions of § 513.612. That section also contains a requirement the court hear and rule on a motion to dismiss within ten days.

The issue in this case is whether the provisions of § 513.607.5(2) are mandatory or directory. The trial court found they are mandatory. The state contends they are directory only because there are no provisions in the act for a penalty for failure to comply with the provisions. It cites *Hedges v. Dept. of Social Services*, 585 S.W.2d 170, 172 (Mo.App.1979) for this proposition and concludes defendants must show prejudice stemming from the failure to comply with the statute in order to prevail. *See State v. Wynn*, 666 S.W.2d 862, 964 (Mo.App.1984). The factual and legal issues in these cases are distinctly different from the issue presented in the present appeal. Further, our Supreme Court has held "the absence of a penalty provision does not automatically override other considerations" when determining the nature of a statutory phrase. *Southwestern Bell Telephone Inc. v. Mahn*, 766 S.W.2d 443, 446 (Mo. banc 1989).

■ We hold dismissal of Count I must be reversed as a matter of law. The provisions of § 513.607.5(2) are inapplicable to a petition for forfeiture filed before seizure. The only limitation on judicial forfeiture before seizure is the applicable statute of limitations. Section 513.630 RSMo 1986.

■ For the following reasons we hold dismissal of Counts II, III and IV was required because the petition was late filed. First, CAFA is a penal statute providing for forfeiture of property. Forfeitures are not favored "and should be enforced only when within both the letter and spirit of the law." *State ex rel. Rerd v. Kemp*, 574 S.W.2d 695, 697 (Mo.App.1978). Such statutes are strictly construed against the state and every word, clause, sentence and provision of such statutes is presumed to have been intended by the legislature to have effect and be operative. *State v. Smith*, 591 S.W.2d 263, 266 (Mo.App.1979). The statute requires the seizing authority "shall" report a seizure within three days and the prosecuting authority to file a petition within five days of notice. The statute also mandates a motion to dismiss "shall" be heard and ruled on within ten days. After a seizure, very limited time restrictions are imposed upon seizing authorities, prosecuting authorities and the court. Further, § 513.607.5(2) requires the state to plead and prove the date and place of

seizure. The repeated mandate of "shall," together with a procedural requirement to plead and the substantive requirement to prove time of seizure, and the restriction on resolution of motions to dismiss, support a finding the legislature intended the time limitations to be mandatory. There is an element of urgency in the statute. We are required to apply strict construction which reinforces that view.

Second, the petition after seizure must name all persons known to have or claim an interest in the property. Section 513.607.-5(1) and (2). Accordingly, the time limitations for the petition serve the purpose of requiring prompt notice to all owners that a seizure has occurred. The provisions enforce the due process guarantee intended to protect an individual against arbitrary acts of the government. "Notice and an opportunity to be heard must be provided by the state in a meaningful manner prior to deprivation of a protected interest." *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 230 (Mo. banc 1982). The statute contemplates a permanent taking, a forfeiture of all rights of property owners. The time limitations are a mechanism for prompt notice which serves to protect guaranteed constitutional rights in these circumstances.

Third, the Western District of the Missouri Court of Appeals recently held the provisions of § 513.607.5(2) are mandatory. *State v. Hampton* (Mo.App.1991) W.D. 43204 February 19, 1991) (Fenner, J., dissenting).

We reverse and remand for further proceedings on Count I of the petition. We affirm dismissal of Counts II, III and IV which were based on seizure on April 28, 1990.

PUDLOWSKI, P.J., and GRIMM, J., concur.