**Lewis M. DEROSSETT,**
**Plaintiff/Respondent,**

v.

**ALTON AND SOUTHERN RAILWAY COMPANY, Defendant/Appellant.**

**No. 61265.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 16, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 13, 1993.

Albert E. Schoenbeck, Peter Jay Krane, St. Louis, for defendant/appellant.

George L. Fitzsimmons, Patrick Hagerty, St. Louis, for plaintiff/respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Alton and Southern Railway Company, appeals from a jury verdict entered in favor of respondent, Lewis M. Derossett, awarding respondent the sum of $337,500.00 on a personal injury claim. We affirm.

Respondent has been employed by appellant as a carman for approximately forty-four years. On December 14, 1987, respondent was required to use a machine called a "pettibone" to move a railcar into a building for repairs. Because it was kept outdoors, the pettibone had snow on the steps used to climb on board, as well as snow inside the cab of the machine.

Once the railcar had been moved into the building, respondent attempted to dismount the pettibone. His foot slipped off the step, causing respondent to fall and hit his right shoulder on the fuel tank of the pettibone. Respondent seriously injured his shoulder and eventually required surgery for his injury.

Respondent brought suit against appellant under the Federal Employers' Liability Act (hereinafter "FELA") for the injuries he sustained in the fall. The case went to trial on October 15, 1992, and on October 17, 1992, the jury returned a verdict in favor of respondent in the amount of $337,-500.00. This appeal ensued.

Three issues are raised on appeal. Appellant contends it was error for the court to allow the admission of respondent's medical bills in that appellant had already paid them, and respondent could not recover those amounts as damages. Appellant next asserts the trial court erred by refusing to allow appellant to introduce evidence that it had, in fact, been the party responsible for payment of respondent's medical bills. Finally, appellant claims there was error in the court's failure to sustain appellant's objection to respondent's closing argument, which allegedly requested the jury to award punitive damages against appellant. We address the points in the order raised.

Appellant first argues the admission of respondent's medical bills was error as such evidence was irrelevant and lacking in probative value. During the pretrial conference, appellant utilized an oral motion in limine in an attempt to exclude evidence of the medical bills from trial. Appellant provided no basis or support for the requested exclusion, and the court determined the introduction of the medical bills would be allowed.

■ A motion in limine is, by its nature, interlocutory. *Sooter v. Magic Lantern, Inc.*, 771 S.W.2d 359, 362 (Mo.App., S.D. 1989). Therefore, in order to preserve the point for our review, a specific objection must be made at the time the evidence discussed in the motion in limine is introduced at trial. *Id. See also Jones v.*

*Jones*, 661 S.W.2d 817, 818 (Mo.App., E.D. 1983). Appellant failed to object when the medical bills were introduced. As such, no error has been preserved for consideration on appeal. Point denied.

■ Appellant next contends the court erred in failing to allow appellant to respond to the introduction of the medical bills by informing the jury that it was appellant who had paid those bills. Appellant asserts the jury's ignorance of this fact allowed the panel to consider and misuse incomplete evidence. Although appellant was not able to inform the jury that it was the party responsible for payment of respondent's medical expenses, the parties did stipulate to a statement which the court read into evidence:

> It is stipulated by and between the parties that plaintiff's medical bills as set out in Exhibit No. 14 have been paid by some other person other than the plaintiff.

We find RSMo §§ 490.710 and 490.715 controlling on this issue. RSMo § 490.710 states in pertinent part:

> 1. No advance payment ... of damages, predicated on possible tort liability, as an accommodation to an injured person, ... of medical expenses, loss of earnings and other actual out-of-pocket expenses, because of an injury, ... shall be admissible into evidence as an admission against interest or admission of liability by such party ...
>
> 2. Any payments made as provided in subsection 1 of this section shall constitute a credit and be deductible from any final settlement made or judgment rendered with respect to such injured ... person. In the event of a trial involving such a claim, the fact that such payments have been made shall not be brought to the attention of the jury.

The plain wording of this statute indicates that evidence of one party's payment of an injured party's medical bills is not admissible. Additionally, the statute clearly states that any payments made in this regard can

be deducted from a settlement or judgment received by the injured party.

RSMo § 490.715 states in relevant part: **Damages paid by defendant prior to trial may be introduced but is waiver of credit against judgment (collateral source rule modified)**

\* \* \* \* \* \*

2. If prior to trial a defendant or his insurer or authorized representative, or any combination of them, pays all or any part of a plaintiff's special damages, the defendant may introduce evidence that some other person other than the plaintiff has paid those amounts. The evidence shall not identify any person having made such payments.

3. If a defendant introduces evidence described in subsection 2 of this section, such introduction shall constitute a waiver of any right to a credit against a judgment pursuant to section 490.710.

■ Missouri courts recognize the doctrine of *pari materia*, a rule of construction wherein statutes relating to the same subject matter are considered together. *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 200 (Mo. banc 1991). Statutes considered in *pari materia* are intended to be read harmoniously and consistently. *Id.* Applying this doctrine to the statutes herein, we find that, though evidence of one party's advance payments of another party's damages generally should not be brought to the attention of the jury, RSMo § 490.710, evidence may be introduced informing the jury that someone other than the plaintiff has paid those amounts, RSMo § 490.715. However, when the jury receives this information, the defendant waives any right he may have to a credit against a judgment or settlement. *Id.* As such, the court did not err by refusing to allow appellant to inform the jury that it was the party responsible for the advance payment of respondent's medical bills. Additionally, because appellant stipulated to the statement apprising the jurors of the fact the medical bills had been paid by someone other than respondent, appellant waived all rights to a credit against the judgment. Point denied.

■ For its last point, appellant finds error in the court's failure to sustain an objection targeted at respondent's closing argument. Appellant asserts the court erroneously allowed respondent to argue for punitive damages to be assessed against appellant. The alleged objectionable portion of the argument stated:

MR. FITZSIMMONS: What you can do here is tell the railroad, this railroad, tell the defendant by your verdict that you're not going to let them increase the bottom line at the risk of Monroe DeRossett's job security.

MR. KRANE: I object to the form of the argument; improper under this statute.

THE COURT: Be overruled.

MR. FITZSIMMONS: Profits are fine but you don't increase the bottom line by taking a man's right and guarantee to earn a living away from him and that's what we object to and that's why we feel he's entitled to a substantial verdict in the area of four hundred fifty thousand dollars as I discussed.

■ A trial court is given broad discretion in the area of closing arguments. *Kelly By Kelly v. Jackson*, 798 S.W.2d 699, 704 (Mo. banc 1990). In determining the extent of prejudice, if any, in a closing argument, the entire record must be considered. *Id.* Upon our review of the record before us, we perceive no abuse of discretion.

Appellant cites us to several Missouri cases discussing potential prejudicial requests for punitive damages—*see, Pierce v. Platte–Clay Elec. Co–Op., Inc.*, 769 S.W.2d 769, 778–9 (Mo. banc 1989); *Fisher v. McIlroy*, 739 S.W.2d 577, 581–2 (Mo.App., E.D. 1987); *Smith v. Courter*, 531 S.W.2d 743, 746–9 (Mo. banc 1976)—and attempts to equate the present facts with those listed cases. We acknowledge that Missouri courts do not approve of arguments utilizing a "send a message" theme where punitive damages have not been sought. *Pierce*, 769 S.W.2d at 779. However, it is when this argument becomes the subject of the entire closing that it becomes reversible error. *Id.* Such is not the case here. At-

torney for respondent utilized his closing argument to discuss appellant's potential negligence in providing allegedly unsafe equipment, to discuss respondent's injuries and the extent of medical care required for such injuries, and to discuss respondent's concern regarding his job security. It was not until the end of his closing that the alleged "message" argument appeared. Thus, it is obvious there was no "send a message" theme pervading respondent's closing argument, and we find no prejudice to appellant.

Additionally, appellant claims there is no doubt this argument was prejudicial since the verdict awarded respondent $337,-500.00 in damages. However, we find the verdict to indicate just the opposite. Respondent had requested a verdict of $450,-000.00. We believe a verdict some $112,-500.00 less than that requested is strong evidence the jury was not influenced by the alleged prejudicial statement of respondent's counsel. Point denied.

Based on the foregoing, the judgment of the circuit court is affirmed.

SMITH and STEPHAN, JJ., concur.