STATE of Missouri, Plaintiff–Appellant,

v.

Reba WASHINGTON, Defendant–
Respondent.

No. 67161.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 25, 1995.

Rick A. Courtney, Sp. Asst. Cir. Atty., St. Louis, for plaintiff-appellant.

Nick A. Zotos, St. Louis, for defendant-respondent.

DOWD, Judge.

The State appeals after a directed verdict in favor of Reba Washington (Defendant) in this case involving the Criminal Activity Forfeiture Act (CAFA) and the attempted seizure and forfeiture of Defendant's vehicle. We affirm.

The pertinent facts which precipitated the forfeiture action are as follows: Defendant was standing drinking a beer outside her vehicle with several other people. She was seen by police officers who approached due to the city ordinance prohibiting drinking in public. As the officers approached, Defendant entered her vehicle and threw her purse from the seat to the floor. A gun could then be seen as it partially fell out of the purse. An officer searched the purse and retrieved a loaded .38 caliber revolver.

The State charged Defendant with Unlawful Use of a Weapon—carrying a Concealed Weapon in violation of § 571.030.1(1), RSMo Cum.Supp.1993. Additionally, the State initiated a separate civil forfeiture proceeding seeking Defendant's vehicle.

The forfeiture proceeding occurred first. Prior to this bench trial, Defendant waived the necessity of conviction on the weapons charge, which is a prerequisite to forfeiture, but did not concede the allegations of the

State's civil forfeiture petition. § 513.617.1, RSMo Cum.Supp.1993. She apparently did this to hasten the speed of the forfeiture proceeding and so that she would not need a bond for the vehicle's release. § 513.617.2(1), RSMo Cum.Supp.1993. We do not at this time review the validity of such a waiver.

After the State's evidence in the forfeiture proceeding, the trial court directed a verdict in favor of Defendant finding: (1) the State failed to establish a nexus between the crime and the vehicle; and (2) the forfeiture was too severe when compared to the crime. The State then filed the instant appeal.

After the directed verdict in the forfeiture case, a pre-trial motion to suppress the gun in the criminal case was considered. A police officer testified as did Defendant and two of her witnesses. The trial court found the police officer not credible and sustained Defendant's motion. The gun was suppressed, and the State subsequently filed a memorandum of nolle prosequi on the criminal charge.

■ The Criminal Activity Forfeiture Act states: "All property of every kind used or intended for use in the course of ... criminal activity is subject to civil forfeiture." § 513.607.1, RSMo Cum.Supp.1993. However, forfeiture statutes are to be "strictly construed against the state and every word, clause, sentence and provision of such statutes is presumed to have been intended by the legislature to have effect and be operative." *State v. Eberenz,* 805 S.W.2d 359, 360 (Mo.App.1991). The enforcement of forfeiture statutes must be "within both the letter and spirit of the law." *Id.,* (citation omitted). The State bears the burden to prove "all allegations" contained in its Petition for For-

feiture. § 513.607.5(2), RSMo Cum.Supp. 1993. The Petition in the instant case alleged *inter alia:* (1) the vehicle was seized incident to a lawful search and arrest; (2) the State had probable cause to believe the vehicle was forfeitable; and (3) the vehicle was used to facilitate criminal activity in that it was carrying and concealing the firearm.

■ First we note the State has not established the seizure occurred incident to a lawful search and arrest nor that the vehicle was used to facilitate criminal activity due to the suppression of the corpus of the crime, especially in light of the trial court's findings and ruling at the suppression hearing. We find forfeiture of Defendant's vehicle, under the particular facts of this case, to be neither within the letter nor the spirit of the CAFA statute. The State could not show criminal activity after the trial court found its witness not credible and suppressed the gun, resulting in the State's entry of a nolle prosequi in its case against Defendant.

We affirm.

CRANE, P.J., and CRANDALL, J., concur.