STATE of Missouri, ex rel. Lance Mac-LAUGHLIN, Officer, Marshall Police Department, Respondent,

v.

Raymond William TREON, Appellant.

No. WD 50982.

Missouri Court of Appeals,
Western District.

April 9, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 28, 1996.

Application to Transfer Denied
Aug. 20, 1996.

Jack Lukehart, Brunswick, for appellant

Hugh C. Harvey, Prosecuting Attorney, Donald G. Stouffer, Assistant Prosecuting Attorney, Saline County, Marshall, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and EDWIN H. SMITH, JJ.

ULRICH, Presiding Judge.

Raymond Treon appeals the judgment following a jury trial for forfeiture under the Criminal Activities Forfeiture Act (CAFA), sections 513.600–.645, RSMo 1986, and section 195.140, RSMo 1986. The judgment is reversed.

In the summer of 1991 and spring of 1992, a series of burglaries occurred in Chariton and Carroll Counties. Among the property stolen were antiques, rifles, handguns, fishing equipment, and copper and aluminum wire. On March 27, 1992, Raymond William Treon was stopped by the Brunswick, Missouri, chief of police while driving a 1973 green Ford truck. With his consent, the Chariton County Sheriff's Department searched a bus located in Chariton County owned by Mr. Treon. A felony quantity of marijuana and property stolen from Chariton County were recovered. The green Ford truck driven by Mr. Treon was also searched with Mr. Treon's consent, and a smaller quantity of marijuana was found. Mr. Treon was then arrested, and additional marijuana and approximately $2,100 were recovered from his person.

On March 30, 1992, a Marshall, Missouri, storage unit rented by Mr. Treon was searched by the Marshall Police Department pursuant to a warrant. Property stolen during Chariton, Carroll, and Saline County burglaries was recovered.

Mr. Treon was again stopped on April 2, 1992, by the Marshall Police Department while driving a flatbed truck pulling a boat. After his arrest, an inventory search of the truck disclosed various items in original packaging with price tags attached, a ceramic pipe with marijuana residue, cigarette rolling papers, marijuana seeds, scales used to weigh marijuana, and approximately $11,800 in cash. A food stamp application form, food stamps, documents identifying Mr. Treon's bank accounts, certificates of deposit, and stocks were also found in the truck. Marijuana and $1,800 in cash was recovered from Mr. Treon's person. Mr. Treon was eventually convicted of two felony counts of burglary, two felony counts of stealing, and one felony count of possession of a controlled substance in Chariton County, one felony count of receiving stolen property in Saline County, and one felony count for burglary in Carroll County.

On April 3, 1992, the State of Missouri filed a three count petition under CAFA and section 195.140, RSMo 1986 seeking forfeiture of Mr. Treon's trucks, trailer, boat, guns, cash, stocks, bank accounts, and other property located in Saline County valued in excess of $150,000. On December 16, 1994, a jury returned verdicts in favor of Mr. Treon on two Counts of the State's petition and in favor of the State on Count III [1], and judgment was entered accordingly. This appeal followed.

## 1. Points on Appeal

Mr. Treon raises seven points on appeal. None of his points, however, were preserved for appellate review. Points three, six, and seven allege instructional errors. In point three, Mr. Treon claims that the trial court, in submitting Instruction No. 4, erroneously instructed the jury regarding the burden of proof. In points six and seven, he argues that the trial court's submission of Instructions No. 5 and 12 were erroneous because they failed to instruct on the essential elements of the CAFA statute. Mr. Treon contends that the instructions failed to require a finding that a defendant be found guilty of or plead guilty to a felony offense substantially related to the forfeiture.

Rule 70.03, which became effective on January 1, 1994, governs objections to instructions. It provides:

> Counsel shall make specific objections to instructions considered erroneous. No party may assign as error the giving or failure to give instructions unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.

Rule 70.03. At the instruction conference, Mr. Treon's counsel made a general objection to all of the instructions for failure to state the law applicable to this case. Specific objections regarding the burden of proof and the essential elements required under the CAFA statute were not made; therefore, the alleged errors were not preserved for review. Rule 70.03.

Next, Mr. Treon claims that the trial court erred in the admission of evidence. In point one, he argues that the admission of evidence regarding his drug possession and conviction in Chariton County was erroneous. He also contends in point five that the trial court erred in admitting copies of the informations filed in Saline, Carroll, and Chariton Counties labelled Exhibits 1, 3, 4, 5, and 6 because the State failed to show that the felony charges were substantially related to the forfeiture.

Error in the admission of evidence may not be raised on appeal where no objection is made when the evidence is introduced at trial. *Kovacs v. Kovacs*, 869 S.W.2d 789, 792 (Mo.App.1994). Failure to object to the introduction of evidence at trial preserves nothing for review. *Holtmeier v. Dayani*, 862 S.W.2d 391, 404 (Mo.App.1993). Moreover, a motion in limine to exclude evidence does not preserve the issue for review if no objection is made at trial when the evidence is offered. *Sooter v. Magic Lantern, Inc.*, 771 S.W.2d 359, 362 (Mo.App.1989).

In a pretrial conference, counsel for Mr. Treon made an oral motion in limine to exclude evidence of any alleged criminal activity for which Mr. Treon was not convicted. At trial, however, Mr. Treon failed to object to evidence regarding his possession of marijuana in Chariton County. Point one, therefore, was not preserved for review.

Similarly, no objection was made at trial to the introduction of Exhibits 3, 4, 5, and 6. Though Mr. Treon objected to the introduction of Exhibit 1, a certified copy of conviction for the felony of receiving stolen property in Saline County with an attached information, he failed to specify the grounds on which his objection was based. "[A]n objection to evidence must be 'sufficiently clear and definite' so that counsel has the opportunity to correct any error and the trial court can correctly rule on the objection." *Refrigeration Indus., Inc. v. Nemmers*, 880

---

1. Count III sought to subject Mr. Treon's various bank accounts, certificates of deposit, and stocks to forfeiture.

S.W.2d 912, 919 (Mo.App.1994)(citing *Reed v. Director of Revenue,* 834 S.W.2d 834, 836–37 (Mo.App.1992)). Thus, point five was also not preserved for appellate review.

Mr. Treon next claims in point two that the trial court erred in allowing the State to seek forfeiture of all bank accounts in Count III. He contends that the bank accounts consisted of separate transactions of which the State had the burden of proving that each was derived from criminal activities. Apparently, he argues that several claims were improperly united under one count.

Rule 55.27(a) provides:

> Every defense, in law or fact, to a claim in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> . . .
>
> (11) that several claims have been improperly united.

Rule 55.27(a). "A defense ... that several claims have been improperly united ... is waived ... if it is neither made by motion under this Rule nor included in a responsive pleading." Rule 55.27(g)(1). Mr. Treon did not present this defense to the trial court by motion or responsive pleading; therefore, the defense was waived.

Finally, Mr. Treon claims in point four that the trial court erred in failing to direct a verdict in his favor on Count III. Again, Mr. Treon failed to preserve this issue for review.

■ Where a defendant presents evidence at trial, failure to make a motion for directed verdict at the close of all evidence waives an argument that plaintiff failed to make a submissible case. *Estate of Gross v. Gross,* 840 S.W.2d 253, 256 (Mo.App.1992). In this case, Mr. Treon moved for directed verdict at the close of the State's case. He then presented evidence yet failed to make the same motion at the close of all evidence. Mr. Treon, therefore, preserved nothing for review.

**2.** The 1986 version of CAFA was in effect on April 2, 1992. The 1993 CAFA amendment, which required a guilty plea or criminal convic-

### 2. Plain Error Review

■ An appellate court, however, may review plain errors affecting substantive rights. Rule 84.13(c). Plain error review requires the court to find that manifest injustice or miscarriage of justice resulted from the verdict. *Gross,* 840 S.W.2d at 256; Rule 84.13(c).

■ To submit a case to the jury, every fact essential to liability must be predicated upon legal and substantial evidence. *Dildine v. Frichtel,* 890 S.W.2d 683, 685 (Mo.App. 1994). "Substantial evidence is that which, if true, has probative force upon the issues, and from which the trier of facts can reasonably decide a case." *Id.* (quoting *Hurlock v. Park Lane Medical Ctr., Inc.,* 709 S.W.2d 872, 880 (Mo.App.1985)).

■ In reviewing whether a plaintiff has made a submissible case, the evidence and all reasonable inferences to be drawn therefrom are viewed in the light most favorable to the verdict. *Dildine,* 890 S.W.2d at 685. A jury verdict will not be overturned unless there is a complete absence of probative facts to support it. *Id.*

■ Forfeitures are disfavored in Missouri and are administered only when they advance the letter and spirit of the law. *State v. Residence Located at 5708 Paseo, Kansas City, Missouri,* 896 S.W.2d 532, 537 (Mo.App.1995)(citing *State v. Eberenz,* 805 S.W.2d 359, 360 (Mo.App.1991)). Forfeiture statutes are, therefore, "strictly construed against the state and every word, clause, sentence and provision of such statutes is presumed to have been intended by the legislature to have effect and be operative." *Id.* The 1986 CAFA statute[2] provided, in relevant part, that "[a]ll property of every kind used or intended for use in the course of, derived from, or realized through criminal activity is subject to civil forfeiture." § 513.607, RSMo 1986. Criminal activity was defined as:

> the commission, attempted commission, conspiracy to commit, or the solicitation, coercion or intimidation of another person

tion to invoke forfeiture, did not become operative until August 28, 1993.

to commit any crime which is chargeable by indictment or information under the following Missouri laws:

(a) Chapter 195, RSMo, relating to drug regulations;

. . .

(e) Chapter 569, RSMo, relating to robbery, arson, burglary and related offenses;

(f) Chapter 570, RSMo, relating to stealing and related offenses.

§ 513.605(3), RSMo 1986.

■■■ In this case, the evidence adduced at trial showed that Mr. Treon was convicted of two felony counts of burglary and two felony counts of stealing in Chariton County, one felony count of receiving stolen property in Saline County, and one felony count of burglary in Carroll County for a series of burglaries which occurred in the spring of 1992. He was also convicted of one felony count of possession of a controlled substance in Chariton County. Substantial evidence, however, failed to establish that Mr. Treon's bank accounts and securities, the property claimed subject to forfeiture in Count III of the petition, were "derived from, or realized through" the proven criminal activity.

The state attempted to prove its forfeiture case against Mr. Treon with circumstantial evidence. It presented evidence of Mr. Treon's income for the five years preceding his arrest in April of 1992 and his representations to the Carroll County Division of Family Services in applying for food stamps and medical assistance that he had no income, checking accounts, savings accounts, certificates of deposit, stocks, or legitimate sources of income. The implication is that Mr. Treon could not have accumulated, without criminal activity, over $150,000 in assets including the approximately $50,000 in bank accounts and securities that the state seeks by forfeiture. No evidence was presented, however, that linked the bank account funds, referred to in Count III of the petition, to the burglaries committed by Mr. Treon or to his possession of marijuana. Evidence at trial established that all of the stolen proper-

ty had been recovered except for property valued at approximately $200.

In *State v. Residence Located at 5708 Paseo, Kansas City, Mo.*, 896 S.W.2d 532, 537 (Mo.App. W.D.1995), Judge Breckenridge, analyzing section 513.605(3), RSMo 1986 said:

[the section] conveys that the underlying criminal action upon which the request for forfeiture is based must be "chargeable by indictment or information under ... Missouri laws...." It does not specify that charges must be preferred, or that a guilty plea or conviction must result before a CAFA forfeiture order is possible. A person of ordinary intelligence would, therefore, conclude that no charge must be filed and no guilty plea or conviction need be obtained. This interpretation is bolstered by section 513.630, another section of CAFA.

Although section 513.605, RSMo 1986 did not require that charges be filed alleging criminal conduct for a CAFA forfeiture to be initiated, the statute did not endorse forfeiture of property because the state's attorney offered evidence that the possessor of the property had committed burglary, conduct unrelated to the forfeited property. The statute required proof that the "underlying criminal action" produced the assets or that the assets were utilized in the underlying criminal activity. Evidence, if believed, that implied the subject property was not acquired through legal means and, therefore, must have been acquired by illegal means was not sufficient by itself to support forfeiture of the property.

While the evidence established that Mr. Treon engaged in numerous criminal activities, it failed to establish that his bank accounts and securities were realized through the proven criminal conduct.[3] In the absence of substantial evidence that Mr. Treon's bank accounts and securities were derived from or realized through criminal activity, a miscarriage of justice resulted from the trial court's submission of the case

---

3. Mr. Treon presented evidence that the assets had been attained from a legitimate source of income. If it had been believed, the evidence was sufficient for the jury to have concluded that he received approximately $39,800 from a Workers' Compensation Claim, $15,500 from an insurance claim, and gifts from his parents before his arrest on April 2, 1992.

to the jury and the jury's subsequent verdict against Mr. Treon on Count III.

The judgment of the trial court is, therefore, reversed.

All concur.